17:07:23

1                    UNITED STATES DISTRICT COURT

2                    WESTERN DISTRICT OF NEW YORK

3

4

5     - - - - - - - - - - - - - X
      UNITED STATES OF AMERICA,    )      21CR135
6                                  )
      vs.
7                                        Buffalo, New York
      MICHAEL REGAN,                     August 26, 2021
8                    Defendant.          2:00  p.m.
      - - - - - - - - - - - - - X
9     **ARRAIGNMENT/DETENTION HEARING**
      **Transcribed from an electronic recording device**
10

11                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE H. KENNETH SCHROEDER
12                  UNITED STATES MAGISTRATE JUDGE

13

14                    JAMES P. KENNEDY, ESQ.
                      United States Attorney
15                    BY:  CAITLIN M. HIGGINS, ESQ.
                      Assistant United States Attorney
16                    138 Delaware Avenue
                      Buffalo, New York 14202
17

18                    MARIANNE MARIANO, ESQ.
                      United States Federal Public Defender
19                    BY:  FONDA DAWN KUBIAK, ESQ.
                      Assistant Federal Public Defender
20                    300 Pearl Street, Suite 200
                      Buffalo, New York 14202
21

22

23

24    **COURT REPORTER: Karen J. Clark, Official Court Reporter**
                      **Karenclark1013@AOL.com**
25                    **100 State Street**
                      **Rochester, New York 14614**

```
 1                    USA VS. M. REGAN

 2
               P R O C E E D I N G
 3                 *          *          *

 4
```

17:07:24  5      THE CLERK:  This is United States versus

17:07:25  6  Michael Regan, docket 21CR135.  This is the date set for

17:07:31  7  the arraignment.  Assistant United States Attorney

17:07:34  8  Caitlin Higgins appearing on behalf of the government;

17:07:36  9  and Assistant Federal Public Defender Fonda Kubiak

17:07:41  10  appearing with defendant.

17:07:41  11      MAGISTRATE JUDGE SCHROEDER:  Good morning.

17:07:42  12      MS. KUBIAK:  Good morning, your Honor.

17:07:43  13      MS. HIGGINS:  Good morning, Judge.

17:07:44  14      MAGISTRATE JUDGE SCHROEDER:  Ms. Kubiak,

17:07:51  15  have you and Mr. Regan received a copy of the

17:07:53  16  indictment?

17:07:54  17      MS. KUBIAK:  We have, your Honor.  We

17:07:55  18  acknowledge receipt, waive a further reading, enter a

17:07:58  19  plea of not guilty at this time.

17:08:02  20      MAGISTRATE JUDGE SCHROEDER:  All right.  Any

17:08:04  21  change in facts and circumstances to warrant

17:08:08  22  reconsideration of this Court's order of detention?

17:08:11  23      MS. KUBIAK:  Yes, Judge.  We could would ask

17:08:13  24  the Court to reconsider its order of detention.  Mr.

17:08:16  25  Regan is requesting a new detention hearing as his

```
           1                    USA VS. M. REGAN
17:08:20   2   position is that there is information the Court did not
17:08:24   3   consider previously when we last argued bail.
17:08:30   4              MAGISTRATE JUDGE SCHROEDER:  Was it
17:08:30   5   information that was learned or developed after?
17:08:35   6              MS. KUBIAK:  His position, Judge, is that
17:08:37   7   it's based upon his review of the discovery that has
17:08:40   8   been provided thus far and that there is aspects with
17:08:47   9   respect to his defense that have not been presented.
17:08:57  10              MAGISTRATE JUDGE SCHROEDER:  Well, the other
17:08:58  11   changed circumstance is we have a grand jury that has
17:09:01  12   now found probable cause for the charges to be made
17:09:04  13   against Mr. Regan.
17:09:07  14              Does the government have any input on this
17:09:09  15   issue of a detention hearing?
17:09:10  16              MS. HIGGINS:  Judge, we would ask that he
17:09:12  17   remained detained.  This is a presumption case pursuant
17:09:15  18   to 18 U.S.C. 3142(e)(3)(E).  And based on the indictment
17:09:23  19   that charges additional crimes than what we charged in
17:09:26  20   the actual Complaint, we believe that the nature and
17:09:29  21   circumstances of the crimes charged are extremely
17:09:31  22   serious and weigh in favor of detention.  We discussed
17:09:36  23   in the Complaint, but, Judge, not only does Mr. Regan
17:09:39  24   discuss having sex with the minor victim listed in the
17:09:44  25   Complaint or listed in the indictment, but in the
```

USA VS. M. REGAN

Complaint, we also detailed that Mr. Regan discussed
with the minor victim how he had sex with other minors
and discussed wanting to have sex with other minors.
And when referring to sex or when referring to his
having sex with victim's minor friend last summer, Mr.
Regan wrote, "Not going to lie, getting sucked off and
eating her pussy and fucking her was fun.  That was the
first time I ever did anything with someone that young."
He was discussing having relations with a minor previous
to the victim charged in the indictment, and he also
discusses wanting to engage in sex with other minors,
including his nieces.  Judge, we find that he is a
danger to the community.  We do not believe that any
conditions are going to mitigate, including ankle
bracelet or limiting his electronics.  Quite frankly,
getting electronics in this day and age is so easy, it's
one click on Amazon, and he can have a new phone and his
wife can do that, anyone can do that.  So we don't
believe there is any condition or combination of
conditions that is going to mitigate the risk.

          And we also think that given the very
serious penalties he is facing, including the mandatory
minimum that he faces in this case makes him a flight
risk.  I mean, he has a mandatory minimum of 15 years

USA VS. M. REGAN

for production, 10 years for enticement, which also
carries with it a max penalty of life.  These are
extremely serious charges, and that makes him a flight
risk in the government's position.  We don't believe
there is a change in circumstances.  The government has
not heard what the change of circumstances may be.  If
the defense wants to make a proffer, that is fine.  We
don't believe there is anything that has changed the
circumstances.

MAGISTRATE JUDGE SCHROEDER:  That is the
primary issue.  What are the changed facts and
circumstances?

MS. KUBIAK:  Judge, Mr. Regan's position is
that either I didn't or wasn't in a position to fully
vet out the nature and circumstances of the offense as
well as his defenses and mitigating what Ms. Higgins
just set forth as the nature and circumstances
surrounding the indictment, so I now have had an
opportunity, as well as he, to review the discovery and
he is asking that I put a full-throttle defense before
the Court disputing all of the allegations that Ms.
Higgins just set forth, and I can do that now.  That
would be also part of my proffer with respect to
release.  His position is that he is being falsely

USA VS. M. REGAN

accused, being railroaded, that he is being framed, that he denies having any contact other than non-sexual contact with this person on SnapChat.  He never discussed having relations with other individuals.  We have been informed that the other individual that Ms. Higgins referred to had been interviewed and had denied actually knowing the defendant and that that information contained in the discovery was inaccurate.  He is asking me to take a position that the statement that he provided to law enforcement was coerced, that it was not knowing and voluntary, and that the information that was provided to law enforcement during that statement was a result of him being sleep deprived, disoriented, out in the freezing cold in 30 degree weather for a lengthy period of time, and then being coerced with respect to the statements that were made.  And he denies that the information contained in the statements are true and accurate.  He also is indicating and has authorized me to disclose to the Court that his position is that he has an alibi defense with respect to the date in question in the indictment with contact with the minor victim.  So, in light of those things, those are the change in circumstances that he wants me to put forth for this Court and argue for his release.

USA VS. M. REGAN

His position is that he is not a flight risk. He is a lifelong resident of Western New York. He has two young children. His daughter is starting kindergarten, and, therefore, he simply wants to be home to be able to take care of his family. He is willing to abide by any and all conditions, have an absolute prohibition from any electronics in the household whatsoever, be incarcerated in his own home, but for he has a loss of use appointment on September 26th, 2021 where he is eligible to ask for Workers' Compensation as a result of an injury that was sustained on April 7, 2020, so he would ask to be let out of the house solely to be able to undertake that loss of use appointment. His family is financially devastated and struggling, and, as a result of his absence, the family's hardship has been enormous. He has no prior criminal history except for one DWI back in 2009, in which he was successfully discharged and complied with the conditions of probation. So, in light of his vehement denial of the allegations in the indictment and his position is that he has an alibi defense and that he is being framed, I would ask the Court to release him on a multitude of combination of conditions that can ameliorate both risk of flight. He could post a

USA VS. M. REGAN

monetary bond, potentially.  There might be property
that could be posted that would ensure his appearance
and future court appearances.  In fact, he has no
history of failure to appear.  He was a corrections
officer for 14 years, Judge.  He certainly knows the
consequences should he fail to appear.  And he certainly
doesn't want to put his life, his family's life in
further peril with respect to financial hardships if he
were to flee.  And with respect to danger to the
community, I have in other cases had the Court impose a
zero electronic prohibition that would ameliorate the
concern that Ms. Higgins identified that Mr. Regan would
get access to electronics and try and seek out or
communicate with others.

          MS. HIGGINS:  May I respond?

          MAGISTRATE JUDGE SCHROEDER:  Certainly.

          MS. HIGGINS:  First of all, the fact that
the defendant vehemently denies the allegations in the
indictment does not merit -- does not qualify as a
change in circumstances.  In this case, the evidence is
overwhelming.  We have the text messages from this
Textnow app, which, based on law enforcement work, was
traced back to Mr. Regan.  That hasn't changed since the
Complaint.  The Complaint forms the basis.  The evidence

```
                              USA VS. M. REGAN

17:18:32   2  identified in the Complaint forms the basis of the
17:18:35   3  indictment.  That hasn't changed in any way, shape or
17:18:37   4  form.  The text messages made clear that Mr. Regan was
17:18:41   5  communicating with this minor victim, who was 13,
17:18:45   6  explicitly requesting photographs and videos, which she
17:18:49   7  did send, which the minor victim sent and the text
17:18:52   8  messages did make clear that the two met up on August
17:18:56   9  28th, they met up, and then afterwards, exchanged text
17:19:01  10  messages about the sexual contact.  And, in fact, they
17:19:04  11  continued to talk.  So the evidence is clear.
17:19:06  12          In addition, with regard to his family and
17:19:08  13  daughter entering kindergarten, there was a minor who
17:19:11  14  was also identified in the indictment, who, for purposes
17:19:15  15  of this hearing, will be identified as one of his
17:19:18  16  children, on his phone, there was a picture of that.  He
17:19:22  17  produced a picture of child pornography of his infant
17:19:27  18  daughter, at the time, she was 1 or 2.  The government
17:19:30  19  does not feel that releasing him back to his family in
17:19:42  20  which he has already committed the crimes alleged in the
17:19:45  21  indictment involving that infant is responsible or
17:19:48  22  appropriate in this case.  In addition, there is
17:19:51  23  evidence that this defendant also threatened the other
17:19:55  24  minor victim and told her that if she told anyone what
17:19:58  25  happened between the two of them, that he would come to
```

1                    USA VS. M. REGAN

17:20:01   2   her house.  The government believes that that alone

17:20:05   3   demonstrates that he is a danger to the community, quite

17:20:08   4   frankly, a danger to a witness in this case.  He also

17:20:36   5   requested that the minor victim delete messages so there

17:20:39   6   was no evidence of this.

17:20:40   7            Ms. Kubiak is right, he is a corrections

17:20:43   8   officer, and he knew exactly what to do, delete evidence

17:20:46   9   and also threaten a witness who is 13 years old and

17:20:49   10  wouldn't know any better to say, "Don't tell anyone or

17:20:53   11  else I'm coming to your house."

17:20:55   12           The DWI conviction that this defendant had

17:21:07   13  resulted in a manslaughter charge as well.  So we do not

17:21:10   14  feel that this defendant should be released.  We feel he

17:21:13   15  is a danger to the community.  He has demonstrated as

17:21:16   16  such in his conduct as charged in this indictment.  And

17:21:29   17  we also believe that, given the charges in this case, he

17:21:32   18  may have showed up to prior court appearances, he has

17:21:35   19  never been charged with anything like this where there

17:21:39   20  is a 15 year mandatory minimum, a maximum of life in

17:21:42   21  jail.  These are very serious charges.  So we do believe

17:21:45   22  he is a flight risk and we believe he is a danger to the

17:21:49   23  community.  We don't believe releasing him back into the

17:21:52   24  community and giving him a shot to communicate with the

17:21:55   25  victim again in any way, shape or form is merited in

```
 1                    USA VS. M. REGAN
 2   this case.
 3            MS. KUBIAK:  Judge, Mr. Regan wants me to
 4   inform the Court that he had 28,000 photographs on his
 5   phone and the government is citing in Count 1 to one or
 6   two images which Mr. Regan vehemently denies constitute
 7   child pornography.  And he is not a risk to the minor
 8   victim identified as his infant daughter in Count 1.
 9   And that the e-mail address that the Textnow app went
10   back to does not belong to him.  And that someone has
11   hacked into his e-mail, and is engaging in the
12   communications with the minor victim identified in
13   Counts 2 through 4.
14            MS. HIGGINS:  Again, Judge, in terms of the
15   communications and the e-mail hacking, that is not a
16   change in circumstance.  The communications have been
17   listed in the Complaint from the outset of this case.
18   That is not a change in circumstance.  Down the road,
19   maybe that is a defense that the defendant wants to
20   assert.  That is not a change in circumstances in terms
21   of detention.
22            In addition, with respect to the image found
23   on the defendant's phone, the image was of the infant
24   girl laying down sleeping, she was partially covered
25   with her vagina exposed.  That does constitute child
```

USA VS. M. REGAN

pornography and this is not a picture that a parent

would typically take of an infant child for any other

purpose.

　　　　　MS. KUBIAK:  He does not want me to argue

anything else at this time, Judge.

　　　　　MAGISTRATE JUDGE SCHROEDER:  All right.

Once again, it is the government's position to continue

to request to have the defendant detained and the

defendant's position as to why that application should

be denied and the defendant should be granted a release

subject to terms and conditions the Court could impose.

I must consider all of the facts and circumstances and

information made known to the Court in its totality.

And in doing that, I, of course, am familiar with the

prior proceedings when the defendant appeared before me

under a Criminal Complaint, and I heard arguments as to

both the government's position as to why the defendant

should be detained and the defendant's arguments as to

why he should be released and issued my order of

detention based on what was known by the Court at that

time.  The defendant has now asserted that there is a

change in the facts and circumstances in this case that

would warrant reconsideration of my order of detention.

I have basically allowed for a presentation to be made

USA VS. M. REGAN

on behalf of the defendant for reconsideration of that order of detention by accepting proffers both by the government in further support of its motion to detain the defendant, as well as proffers having been made on behalf of the defendant by his counsel. I have also taken into account the fact that a grand jury has now returned an indictment, and, in doing so, as a matter of law, the grand jury has found there is probable cause for the charges set forth therein to be made against this defendant. I have heard the representations put forth on behalf of the defendant as to why these charges should not be made against him or why they are not valid. Basically, what the defendant is asserting in that regard is his position of innocence. Those assertions as made by the defendant, that he is being framed, that there is a lack of proof or that there has been hacking into his computer and all of the other assertions that have been made on his behalf are all matters that will be fully explored as part of an alleged defense at trial. And in a detention hearing such as this, it is not for this Court to be addressing the issues of guilt or innocence. It's merely this Court's function to determine whether, under the totality of the circumstances the Court is aware of, the

                              USA VS. M. REGAN

17:27:05  2  defendant should be released or should continue to be

17:27:10  3  detained.

17:27:11  4          The charges in the indictment themselves

17:27:13  5  bring into play the provisions contained in the Bail

17:27:17  6  Reform Act and that the presumption created by Congress

17:27:21  7  in that Act applies, that is, those charges are

17:27:27  8  sufficient to raise the presumption of dangerousness to

17:27:31  9  members of the community and the community.  Admittedly,

17:27:35  10 the presumption in the Act is a rebuttable presumption.

17:27:40  11 However, what has been presented once again on behalf of

17:27:44  12 the defendant as it was in the original detention

17:27:52  13 hearing does not rise to the level for this Court to

17:27:56  14 consider presumption of dangerousness has been rebutted,

17:28:01  15 especially having the grand jury having heard evidence

17:28:06  16 presented to it has found probable cause for these

17:28:08  17 charges to be made.  I find in that, also, in the

17:28:11  18 totality of the circumstances, that there is nothing of

17:28:14  19 substance that would constitute new or changed

17:28:18  20 circumstances that would warrant this Court setting

17:28:22  21 aside its original order of detention.  And I find, once

17:28:27  22 again, that the defendant does constitute a danger to

17:28:31  23 the community or members of the community, and,

17:28:34  24 therefore, am continuing to order him to be detained.

17:28:40  25          Now, I want to put in place a scheduling

```
                              USA VS. M. REGAN
17:28:44   2   order.  How much time is the government going to need to
17:28:46   3   provide voluntary discovery material?
17:28:48   4            MS. HIGGINS:  Judge, most, if not all, of
17:28:51   5   discovery has been turned over in this case already.
17:28:54   6   But the only thing that the defendant has not gotten, we
17:29:01   7   need the agent to make arrangements to bring certain
17:29:05   8   images to the jail for Mr. Regan.  We would like 30 days
17:29:23   9   to arrange that.  The agent is on vacation for the next
17:29:27  10   two weeks, as is defense counsel and myself.  We would
17:29:32  11   ask for 30 days so that we could have time to arrange
17:29:54  12   with the jail time to bring the image to him.  All of
17:29:56  13   the other discovery in the case has been turned over.
17:29:59  14            MAGISTRATE JUDGE SCHROEDER:  Any problem
17:29:59  15   with the 30-day period since the defendant is now being
17:30:02  16   detained, Ms. Kubiak?
17:30:04  17            MS. KUBIAK:  No, Judge.  And that is
17:30:05  18   accurate, there is some logistical things to get access
17:30:09  19   to Mr. Regan with the images.
17:30:11  20            MAGISTRATE JUDGE SCHROEDER:  All right.  I'm
17:30:12  21   going to give the government, because there is a holiday
17:30:16  22   in that 30-day time period, namely Labor Day, September
17:30:21  23   6th, I'm going to give the government until September
17:30:24  24   30th, 2021 to complete that discovery process.
17:30:30  25            MS. HIGGINS:  Thank you, Judge.
```

USA VS. M. REGAN

17:30:41  MAGISTRATE JUDGE SCHROEDER:  I am once again
17:30:44 admonishing the government as follows, as I previously
17:30:47 did when the defendant was before me in the initial
17:30:51 appearance on the Criminal Complaint, namely, as
17:30:56 required by the Due Process Protections Act, Public Law
17:30:56 116-182, 134 Statute 894 and Federal Rule of Criminal
17:31:38 Procedure 5(f)(1), this Court confirms the United
17:31:38 States' obligations to produce all exculpatory evidence
17:31:41 to the defendant pursuant to *Brady v. Maryland* 373 U.S.
17:31:44 83, 1963, and its progeny and orders it to do so.  The
17:31:48 government must make these disclosures in sufficient
17:31:51 time that the defendant will have reasonable opportunity
17:31:54 to act upon the information efficaciously, citing *United*
17:31:59 *States v. Rodriguez*, 496 F. 3d 221, 226 a Second Circuit
17:32:05 Court of Appeals decision in 2007; *Leka v. Portuondo*,
17:32:10 257 F. 3d 89, 98, Second Circuit 2001; and *United States*
17:32:16 *v. Coppa*, 267 F. 3d 132, also Second Circuit Court of
17:32:20 Appeals decision in 2001.  Failure to do so may result
17:32:25 in consequences, including, but not limited to,
17:32:28 exclusion of evidence, adverse jury instructions,
17:32:32 dismissal of charges, contempt proceedings or sanctions
17:32:36 by the Court.

17:32:38  Now, realizing, Ms. Kubiak, that you and the
17:32:40 defendant will have had an opportunity to review the

1                          USA VS. M. REGAN

17:32:47   2   additional materials that the government is going to

17:32:49   3   turn over in the forthcoming period between now and

17:32:52   4   September 30th, but knowing the nature of the charges in

17:32:55   5   this case, and I assume having knowledge of what is

17:33:00   6   going to be turned over, how much time do you think

17:33:03   7   you'll need to not only review that additional material,

17:33:06   8   but also to then prepare and file all pretrial motions

17:33:10   9   both dispositive and non-dispositive?

17:33:13   10              MS. KUBIAK:   Judge, can we have 45 days.

17:33:16   11   There is a little bit of forensic evaluation that needs

17:33:19   12   to be done on the Textnow information, so that is

17:33:22   13   dependent on Mr. Grant's availability in our office.  So

17:33:26   14   I think if you gave us 45 days, we can get that all

17:33:30   15   done.

17:33:31   16              MAGISTRATE JUDGE SCHROEDER:   I have no

17:33:31   17   problem with that so long as the defendant agrees to

17:33:33   18   that, once again, realizing that he is detained.  Does

17:33:37   19   the defendant agree to that application?

17:33:39   20              MS. KUBIAK:   He does, Judge.  I've explained

17:33:41   21   that to him, and I've explained Mr. Grant's availability

17:33:44   22   and the necessity for him to take a look at that

17:33:47   23   forensic information.

17:33:48   24              MAGISTRATE JUDGE SCHROEDER:   All right.  So

17:33:58   25   I will give the defendant until November the 12th, 2021

1                    USA VS. M. REGAN

17:34:08   2   to file all pretrial motions, both dispositive and

17:34:13   3   non-dispositive.

17:34:17   4            How much time is the government going to

17:34:19   5   need to respond to any motions filed.

17:34:21   6            MS. HIGGINS:  Two weeks, please.  Thank you,

17:34:23   7   Judge.

17:34:25   8            MAGISTRATE JUDGE SCHROEDER:  All right.  Any

17:34:26   9   responses to any motions are to be filed no later than

17:34:30  10   November 26th, 2021.  Let me just check my calendar here

17:34:49  11   for an oral argument date.  They are going to be

17:35:30  12   updating my PC, so what does December look like?  How is

17:35:41  13   December 9th?

17:35:47  14            THE CLERK:  Eleven o'clock.

17:35:48  15            MAGISTRATE JUDGE SCHROEDER:  December 9th,

17:35:50  16   2021 at 11 o'clock.

17:35:51  17            MS. KUBIAK:  That's fine, your Honor.

17:35:52  18            MS. HIGGINS:  That is fine, your Honor.

17:35:54  19   Thanks.

17:35:54  20            MAGISTRATE JUDGE SCHROEDER:  All right.

17:35:55  21   Oral argument on December 9th, 2021.  In the meantime,

17:36:02  22   I'm directing the government to provide a written

17:36:05  23   pre-approved plea agreement to the defendant no later

17:36:12  24   than November 12th, 2021.

17:36:25  25            MS. HIGGINS:  And, Judge, just for the

1                          USA VS. M. REGAN

17:36:27   2   record, the government had extended a plea to the

17:36:29   3   defendant, which he rejected.

17:36:31   4                  MAGISTRATE JUDGE SCHROEDER:  Was that plea

17:36:35   5   agreement pre-approved?

17:36:35   6                  MS. HIGGINS:  Yes, Judge.

17:36:36   7                  MAGISTRATE JUDGE SCHROEDER:  I'll still use

17:36:38   8   the November 12th date.

17:36:40   9                  MS. HIGGINS:  Sure, thank you.

17:36:43   10                  MS. KUBIAK:  That's correct.  I provided

17:36:45   11   that plea agreement to Mr. Regan and reviewed it with

17:36:48   12   him and he has rejected that and has not indicated a

17:36:51   13   change in that position.

17:36:52   14                  MAGISTRATE JUDGE SCHROEDER:  Nevertheless,

17:36:53   15   should there be a change in circumstances, that November

17:36:57   16   12th date will continue to apply to the government and

17:36:59   17   I'll require the defendant to respond if there is any

17:37:03   18   change or reconsideration for the plea agreement to be

17:37:07   19   made by the defendant no later than November 23rd, 2021.

17:37:27   20                  MS. HIGGINS:  And, Judge, just, again, for

17:37:43   21   the record, we would likely give a different offer,

17:37:47   22   obviously, after rejecting the first and best offer, the

17:37:50   23   Government will not extend that same offer.

17:37:52   24                  MAGISTRATE JUDGE SCHROEDER:  I understand.

17:37:53   25                  MS. HIGGINS:  We'll keep that November 12th

```
 1                    USA VS. M. REGAN
17:37:55  2   date.  Thank you.
17:37:56  3              MAGISTRATE JUDGE SCHROEDER:  Now, if no
17:37:57  4   motions are filed by the defendant on or before November
17:38:01  5   12th, 2021, the government shall file an application
17:38:06  6   with Judge Sinatra, the district judge to whom this case
17:38:10  7   has been assigned, for purposes of setting a trial date.
17:41:45  8              MS. KUBIAK:  Thank you, Judge.
17:41:46  9              MAGISTRATE JUDGE SCHROEDER:  In the
17:41:46 10   meantime, Ms. Kubiak, is it the position of the
17:41:48 11   defendant that the time between now and November 12th,
17:41:53 12   2021 will in fact be utilized in such a way so as to
17:41:57 13   operate and enure to his benefit, and, therefore, such
17:41:59 14   time should be excluded for purposes of the Speedy Trial
17:42:02 15   Act?
17:42:02 16              MS. KUBIAK:  Yes, your Honor.
17:42:03 17              MAGISTRATE JUDGE SCHROEDER:  And, Ms.
17:42:03 18   Higgins, on behalf the government, is it the
17:42:05 19   government's position that the time between now and
17:42:07 20   November 12th, 2021 will operate in the interest of
17:42:10 21   justice in this case, and, therefore, such time should
17:42:12 22   be excluded for purposes of the Speedy Trial Act?
17:42:15 23              MS. HIGGINS:  Yes, your Honor.
17:42:15 24              MAGISTRATE JUDGE SCHROEDER:  Based on the
17:42:16 25   representations made by counsel for the respective
```

USA VS. M. REGAN

17:42:19  2  parties herein, I find that the time between now and

17:42:21  3  November 12th, 2021 will, in fact, be utilized in such a

17:42:26  4  way so as to operate and enure to the benefit of the

17:42:32  5  defendant as well as operate in the interest of justice

17:42:42  6  in this case in that such time is going to be utilized

17:42:45  7  to allow the government sufficient time within which to

17:42:48  8  complete the providing of voluntary discovery material

17:42:51  9  to the defendant, and, thereafter, give defense counsel

17:42:53  10 sufficient time within which to review such material as

17:42:56  11 provided.  Further, such time will be utilized to allow

17:43:01  12 defense counsel sufficient time within which to prepare

17:43:05  13 in the representation of the defendant, so as to provide

17:43:07  14 the defendant with effective assistance of counsel, that

17:43:09  15 being his constitutional right, which right outweighs

17:43:13  16 the public's right or interest to a speedy trial or

17:43:16  17 disposition in this matter.  For all of those reasons

17:43:19  18 then, the time is justifiably and validly excludable and

17:43:24  19 is hereby excluded pursuant to and in accordance with

17:43:28  20 the provisions contained in Title 18 of the U.S.C.

17:43:47  21 Section 3161(h)(7)(A) and 3161(h)(7)(B)(iv).  Anything

17:43:51  22 further?

17:43:52  23          MS. HIGGINS:  Nothing from the government,

17:43:54  24 Judge.

17:43:54  25          MS. KUBIAK:  Not at this time, your Honor.

```
 1                   USA VS. M. REGAN
```
17:43:55  2  Thank you very much.

17:43:56  3              MAGISTRATE JUDGE SCHROEDER:   Thank you.

```
 4                       *    *    *
```

```
 5              CERTIFICATE OF REPORTER
```

```
 6
```

```
 7     I certify that the foregoing is a correct transcript
```

```
 8  of the record to the best of my ability of proceedings
```

```
 9  transcribed from the audio in the above-entitled matter.
```

```
10
```

```
11  S/ Karen J. Clark,  RPR
```

```
12  Official Court Reporter
```

```
13
```

```
14
```

```
15
```

```
16
```

```
17
```

```
18
```

```
19
```

```
20
```

```
21
```

```
22
```

```
23
```

```
24
```

```
25
```