```
 1                    UNITED STATES DISTRICT COURT

 2                   WESTERN DISTRICT OF NEW YORK

 3

 4

 5     - - - - - - - - - - - - - X
       UNITED STATES OF AMERICA,   )      21CR135
 6                                 )
       vs.
 7                                       Buffalo, New York
       MICHAEL REGAN,                    December 8, 2021
 8                   Defendant.             1:30 p.m.
       - - - - - - - - - - - - - X
 9     APPEARANCE OF COUNSEL/DETENTION HEARING
       Transcribed from an electronic recording device
10     All Parties appeared via Zoom for Government Platform

11                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE H. KENNETH SCHROEDER, JR.
12                 UNITED STATES MAGISTRATE JUDGE

13

14                    JAMES P. KENNEDY, JR., ESQ.
                      United States Attorney
15                    BY:  JONATHAN PAUL CANTIL, ESQ.
                      Assistant United States Attorney
16                    138 Delaware Avenue
                      Buffalo, New York 14202
17

18                    MARIANNE MARIANO, ESQ.
                      United States Federal Public Defender
19                    BY:  FONDA DAWN KUBIAK, ESQ.
                      Assistant Federal Public Defender
20                    300 Pearl Street, Suite 200
                      Buffalo, New York 14202
21

22                    B. Mamizuka, USPO

23

24     COURT REPORTER: Karen J. Clark, Official Court Reporter
                       Karenclark1013@AOL.com
25                     100 State Street
                       Rochester, New York 14614
```

1        USA VS. M. REGAN

2

3    P R O C E E D I N G
         *          *          *

4

16:23:54    5

16:23:54    6    THE CLERK:  This is United States versus

16:23:56    7    Michael Regan, docket 20M183.  This is the appearance of

16:24:02    8    counsel and detention hearing.  Assistant United States

16:24:06    9    Attorney Jonathan Cantil appearing on behalf of the

16:24:17   10    government; Assistant Federal Public Defender appearing

16:24:18   11    with defendant; and Probation Officer Brian Mamizuka.

16:24:22   12    MAGISTRATE JUDGE SCHROEDER:  Good afternoon,

16:24:24   13    Mr. Regan.  Can you hear me?

16:24:25   14    THE DEFENDANT:  Yes, sir.

16:24:26   15    MAGISTRATE JUDGE SCHROEDER:  Once again,

16:24:27   16    we're conducting this proceeding this way by video

16:24:30   17    conferencing as a means of keeping you as safe as

16:24:33   18    reasonably possible, the attorneys, my court staff, and

16:24:38   19    the probation office from spreading infection as I

16:24:43   20    described last week.  Do you consent to us to continue

16:24:48   21    using this video conferencing procedure for this

16:24:52   22    proceeding.

16:24:52   23    THE DEFENDANT:  Yes, your Honor.

16:24:53   24    MAGISTRATE JUDGE SCHROEDER:  We're here for

16:24:54   25    a detention hearing.  Are we ready to proceed?

1     USA VS. M. REGAN

16:24:57 2    MS. KUBIAK:  Judge, I think you need to

16:24:59 3 formally appoint me.  He was making a determination of

16:25:02 4 whether or not he was going to retain and we haven't

16:25:05 5 been formally assigned to represent him, so I think he

16:25:08 6 needs to be qualified and then we can move forward.

16:26:53 7    MAGISTRATE JUDGE SCHROEDER:  Thank you, Ms.

16:26:55 8 Kubiak.

16:26:55 9    Mr. Regan, we did adjourn this last week in

16:27:03 10 order to give you an opportunity to effectuate your

16:27:05 11 right under the Constitution to hire an attorney of your

16:27:08 12 choice, but it was a question of whether you were going

16:27:10 13 to be financially able to complete that.  Have you made

16:27:14 14 a decision as to whether you are going to be hiring an

16:27:17 15 attorney?

16:27:18 16    THE DEFENDANT:  Yes, your Honor.  I'm not

16:27:19 17 going to be able to afford an attorney, your Honor.

16:27:22 18    MAGISTRATE JUDGE SCHROEDER:  And are you

16:27:23 19 asking the Court to assign an attorney to represent you

16:27:27 20 because of your financial circumstances?

16:27:28 21    THE DEFENDANT:  Yes, your Honor.

16:27:29 22    MAGISTRATE JUDGE SCHROEDER:  All right.

16:27:30 23 Before I can determine whether you qualify financially

16:27:34 24 to have such representation made, I must first determine

16:27:39 25 what those circumstances are.  The only way I can

1                    USA VS. M. REGAN

16:27:42  2   reasonably do that is by having me place you under oath

16:27:46  3   and question you about your financial circumstances and

16:27:48  4   I'm also going to require, at a time when it can be done

16:27:51  5   reasonably easily, to fill out and sign and swear to an

16:27:55  6   affidavit setting forth your financial circumstances.

16:27:59  7   But I don't want to delay the process any longer than

16:28:02  8   necessary, so I'm going to rely on my questioning you

16:28:09  9   under oath as to your financial circumstances for

16:28:12  10  purposes of making my decision at this time.  Do you

16:28:15  11  agree to allow me to place you under oath and question

16:28:18  12  you about your finances?

16:28:20  13           THE DEFENDANT:  Yes, your Honor.

16:28:20  14           MAGISTRATE JUDGE SCHROEDER:  All right.  I'm

16:28:28  15  sorry, I'm looking for your first name.

16:28:32  16           THE DEFENDANT:  Michael.

16:28:33  17           MAGISTRATE JUDGE SCHROEDER:  I apologize for

16:28:34  18  that.  Do you, Michael Regan, solemnly swear that the

16:28:36  19  answers and statements you are about to give and make

16:28:39  20  will be the truth, the whole truth and nothing but the

16:28:41  21  truth so help you God?

16:28:42  22           THE DEFENDANT:  Yes, your Honor.

16:28:43  23           MAGISTRATE JUDGE SCHROEDER:  Because you are

16:28:44  24  now under oath, you must answer each and every one of my

16:28:47  25  questions, not only truthfully, but also completely

|  | 1 | USA VS. M. REGAN |

16:28:50  2  because if you should knowingly and/or intentionally

16:28:53  3  answer any question less than truthfully by withholding

16:28:56  4  material facts or information, that can result in your

16:28:59  5  being charged with the additional crime or crimes of

16:29:01  6  perjury and/or making a false statement.  Do you

16:29:04  7  understand?

16:29:04  8           THE DEFENDANT:  Yes, your Honor.

16:29:05  9           MAGISTRATE JUDGE SCHROEDER:  I know you had

16:29:08  10 employment.  Are you still considered to be employed?

16:29:13  11           THE DEFENDANT:  No, your Honor.  Right now

16:29:33  12 I'm locked out with no pay.

16:29:36  13           MAGISTRATE JUDGE SCHROEDER:  Do you have any

16:29:36  14 bank accounts anywhere?

16:29:38  15           THE DEFENDANT:  Yes, I have a Key Bank

16:29:39  16 account joined with my wife, and right now we have, I

16:29:43  17 think, $1500.

16:29:44  18           MAGISTRATE JUDGE SCHROEDER:  Do you have any

16:29:45  19 money hidden anywhere?

16:29:47  20           THE DEFENDANT:  No, sir.

16:29:47  21           MAGISTRATE JUDGE SCHROEDER:  Do you have

16:29:48  22 access to in a safe-deposit box.

16:29:51  23           THE DEFENDANT:  No, sir.

16:29:51  24           MAGISTRATE JUDGE SCHROEDER:  Is anyone

16:29:52  25 holding any money for your benefit other than what might

```
              1              USA VS. M. REGAN
16:29:55      2   have been taken from you when you were arrested?
16:29:58      3              THE DEFENDANT:  No, sir.
16:29:58      4              MAGISTRATE JUDGE SCHROEDER:  Do you have any
16:29:59      5   lawsuits pending where you hope to collect money in the
16:30:02      6   near future?
16:30:03      7              THE DEFENDANT:  I have a Workers' Comp
16:30:09      8   injury, but all this going on, if I'm still allowed.
16:30:17      9   The injury was back in April of this year, so, I
16:30:21     10   wouldn't even be able to get this scheduled until
16:30:25     11   sometime after next year.  But, like I said, with this
16:30:28     12   going on, I don't know if they will allow me to do it
16:30:32     13   now.
16:30:32     14              MAGISTRATE JUDGE SCHROEDER:  All right.  Do
16:30:34     15   you own any real property?
16:30:37     16              THE DEFENDANT:  My wife owns two vehicles.
16:30:41     17              MAGISTRATE JUDGE SCHROEDER:  How about
16:30:41     18   houses?
16:30:42     19              THE DEFENDANT:  No, sir.
16:30:42     20              MAGISTRATE JUDGE SCHROEDER:  Do you have any
16:30:49     21   children that you support?
16:30:51     22              THE DEFENDANT:  I have my 4-year-old
16:30:55     23   daughter and my 2-year-old daughter.
16:30:57     24              MAGISTRATE JUDGE SCHROEDER:  And what are
16:30:58     25   your monthly expenses, approximately?
```

```
              1              USA VS. M. REGAN
16:31:00      2              THE DEFENDANT:  With everything just added
16:31:04      3  up like rent and everything, probably around $2,800 or
16:31:12      4  $2,900.
16:31:12      5              MAGISTRATE JUDGE SCHROEDER:  A month.
16:31:13      6              THE DEFENDANT:  Yes.
16:31:13      7              MAGISTRATE JUDGE SCHROEDER:  And what were
16:31:14      8  you taking home, paycheck wise, approximately on a
16:31:17      9  monthly basis?
16:31:18     10              THE DEFENDANT:  Approximately like $3,600.
16:31:22     11              MAGISTRATE JUDGE SCHROEDER:  All right.
16:31:23     12  Based on the responses given to me by the defendant
16:31:25     13  regarding his financial circumstances, I find that he
16:31:29     14  qualifies financially to have the Court assign counsel
16:31:31     15  to represent him.  And I'm assigning the Federal Public
16:31:35     16  Defender's Office for that purpose, and request Ms.
16:31:37     17  Kubiak, of that office, to undertake the representation
16:31:40     18  of the defendant.  And, Ms. Kubiak, I will now designate
16:31:43     19  you as the attorney of record and thank you for your
16:31:46     20  having stood in previously to help facilitate the
16:31:51     21  movement of this case.
16:31:52     22              MS. KUBIAK:  Yes, your Honor.  No problem.
16:31:54     23  Thank you.
16:31:56     24              MAGISTRATE JUDGE SCHROEDER:  All right.
16:31:57     25  We're here for a detention hearing.  And the issue of a
```

1                    USA VS. M. REGAN

16:32:02   2   preliminary hearing.  Are we ready to proceed?

16:32:07   3            MR. CANTIL:  Yes, Judge.

16:32:09   4            MS. KUBIAK:  Yes, Judge.

16:32:09   5            MAGISTRATE JUDGE SCHROEDER:  All right.  Mr.

16:32:12   6   Cantil.

16:32:12   7            MR. CANTIL:  Yes, your Honor.  As the

16:32:15   8   government stated in its last appearance on Friday, the

16:32:18   9   government is moving for detention in this case.  In

16:32:22   10   this case, there is a presumption of detention under 18

16:32:26   11   U.S.C. 3142(e)(3)(E) because the crimes are as to

16:32:34   12   production of child pornography and enticement of a

16:32:37   13   minor.  When you look at the facts of this case, as I'm

16:32:41   14   sure you read in the Criminal Complaint, it's clear that

16:32:44   15   there are no conditions or combination of conditions

16:32:47   16   that can ensure safety of the community, particularly

16:32:52   17   the charge, the victim who is referenced in the

16:32:55   18   indictment and additional victims in the public that may

16:33:00   19   exist.  I think it's warranted to kind of go through the

16:33:05   20   facts of this case and some of the conversations the

16:33:09   21   defendant had with the alleged victim to, kind of,

16:33:14   22   demonstrate his danger to the public.  The

16:33:21   23   conversations, the Complaint alleges that the defendant

16:33:25   24   engaged with a 13, 14-year-old minor female to produce

16:33:30   25   child pornography, and they did, in fact, meet and

USA VS. M. REGAN

engage in sexual contact, including oral sex.  The
relationship began sometime before August 5th of this
year of 2020.  The defendant, then 37 years old, I
believe, wrote to this 13-year-old victim, lied about
his identity, said his name was "Jason," and discussed a
video that was previously sent from the minor involving
the minor performing a sexual act that the minor had
sent to the defendant.  The defendant, in this
conversation, also mentioned a classmate of the victim
in their middle school who was also 13, who the
defendant later, in later conversations, admitted to
engaging in sexual acts with, including engaging in
sexual intercourse with an additional victim who is not
charged in this Complaint.  Then, about two weeks later,
the defendant continues to engage in conversations with
this minor victim.  The conversations include
discussions of performing oral sex on the defendant, the
victim, the 13-year-old minor female agreeing to perform
oral sex on the defendant.  The victim sending nude
photographs, and the defendant claiming in that
conversation that he was a police officer from
Cheektowaga.  The next day, the sexual conversations
continue, the defendant provided that he masturbated to
the victim's images.  The victim tells him in no

USA VS. M. REGAN

uncertain terms that she is in the eighth grade and
admits in the conversation to the defendant that she
says she is in the eighth grade. The defendant admits
to having oral and vaginal sex with another victim, who
is also in the eighth grade, who I referenced earlier.
The defendant asked the victim for her home address,
which she gave it to him. And they set up a time to
meet. And the victim sent videos, which, based on the
context of the conversation, I think it's fair to assume
that they were of a sexual nature, although, candor with
the Court, we were not able to view the videos based on
the nature of the app they were using. But, in the
context, it's pretty clear these were sexual videos that
were being sent to the defendant. Again, in this
conversation, the defendant asked the victim to perform
oral sex. And then goes so far as to ask the victim to
perform oral sex on a family member and then asked if
that minor male family member, the victim's minor male
family member, will perform oral sex on him. In a later
conversation on August 20th, so that prior conversation
was August 19th, the next day, they set up a time to
meet over text message. The victim tells the defendant,
as the plans become more concrete, that she is not on
birth control and the defendant discusses performing

USA VS. M. REGAN

other sexual acts, including anal sex on the 13-year-old victim.  The conversations continue.  On August 26th, a week later, the defendant has the victim's address, they set up a plan, to meet.  They create a plan to meet. The defendant tells the victim minor, the eighth grader that he wants to meet at a different street close by to her home address to hide what is going on.  He tells the victim not to use her cell phone in his car.  He mentions again having sex with another minor classmate of the victim.  And for the first time, he mentions that he engaged in a sexual act with his own family member, with the defendant's family member.  And, again, it's very clear in these conversations that the defendant is aware with full knowledge of the victim's age and the age gap between the two.  And, you know, he does the math during these conversations and says, "I'll be 27 years older than you when we engage in these acts," and kind of presses the victim as to why do you want to do this with a 37-year-old man when you're 13.  So, it's very clear of the age gap between the two.  The conversations continue in terms of planning and preparation to meet up to engage in these sexual acts. And during each of these conversations or most of these conversations, the overall majority, there are sexual

1          USA VS. M. REGAN

2    videos and sexual pictures being sent from the minor

3    victim to the defendant.

4          On August 28th, the minor victim and the

5    defendant finally meet up and engage in oral sex.  The

6    defendant tells the victim afterwards to delete the text

7    messages between the two of them and this is a quote he

8    says, "No need for evidence, LOL."  Three days later,

9    the defendant tells the victim, they continue to engage

10   in these conversations, the defendant tells the victim

11   that he engaged in sexual contact with two of his family

12   members, two minor female family members, and describes

13   the different scenarios.  He asks the victim if she will

14   participate in having sex with his minor family members.

15   The victim sends photos and videos.  The defendant

16   references meeting for additional sexual contact with

17   the victim.  On September 3rd of this year, the

18   defendant texts the victim again to engage in sexual

19   acts with both the victim as well as his family members

20   and the victim sends him additional sexual videos and

21   then finally, between September 3rd and the end of

22   September, the victim engages with law enforcement and

23   law enforcement becomes involved and she is interviewed

24   at the child advocacy center.  And in that interview and

25   in a later interview more recently with the FBI, on last

USA VS. M. REGAN

Thursday, the victim discusses these conversations with a person she believed to be named "Jason," describes the defendant's physical appearance, describes his car, and, according to the victim, during conversations with the defendant, he told her that, "If somebody finds out that I'm talking to you, I'll come to your house," or words to that effect, that if people find out that we're engaged in, this relationship, he makes a threat in those terms.  It's very clear that the defendant has her home address and knows where she lives.

Then the next day, December 4th, the defendant was arrested and admitted to a relationship with the victim.  He hides the fact and lies and tells the FBI that he thought she was 20 or 21, despite the fact that in his messages with the victim, he knows she is in the eighth grade, he knows the age difference between them, that there is a 24 year age gap, but in the conversation with the FBI, he hides that, lies and says that he thought she was 20 or 21.  He admits to the sexual contact and engaging in oral sex.  He kind of lies and tries to state that he tried to end the conversation with this female, he tried to stop the relationship.  He didn't want anything to happen in that conversation.

1          USA VS. M. REGAN

16:42:57   2          So that is the factual landscape of what's

16:43:01   3   going on here.  This is, obviously, egregious,

16:43:08   4   dangerous, the highest level of seriousness in terms of

16:43:10   5   criminal conduct.  And when you look at, first of all,

16:43:16   6   there is a presumption in this case.  With these facts,

16:43:20   7   the defendant cannot meet, meet that burden to show

16:43:30   8   there is conditions or combination of conditions that

16:43:34   9   will ensure safety of the public.  The factors that we

16:43:37   10  look at under 3142(g), nature and circumstances of the

16:43:41   11  offense are outrageous in this case.  The weight of the

16:43:44   12  evidence is very strong, including admissions from the

16:43:47   13  defendant, electronic evidence confirming these things

16:43:52   14  happened.  Between the defendant's admissions, the

16:43:57   15  victim's statements, as well as the physical evidence we

16:44:00   16  have, the weight of the evidence bears strongly against

16:44:03   17  the defendant.  And then, you know, you look at the

16:44:06   18  history and characteristics of the defendant and based

16:44:10   19  on all of this, this is not a person that the government

16:44:16   20  or the Court can trust to abide by any of the terms.  He

16:44:21   21  is, throughout this, and the evidence we have throughout

16:44:25   22  this process, the defendant has sought to minimize, lie,

16:44:32   23  obviate, hide evidence, destroy evidence, suggest that

16:44:35   24  the minor female delete her text messages, meet on a

16:44:40   25  different street so they don't get caught.  These are

```
                            USA VS. M. REGAN
16:44:43   2   all of the acts of somebody, you know, and in his
16:44:48   3   interview with the FBI, the defendant stated that he
16:44:52   4   thought the victim was 20, 21, this is not -- this is
16:44:55   5   somebody who appears to have no problem with lying
16:45:01   6   directly to authorities.  And then, you know, this is
16:45:06   7   also somebody whose actions you cannot trust.  We have
16:45:10   8   an actual victim here who the defendant has made threats
16:45:13   9   to that if he gets caught, he is coming for her.  This
16:45:20  10   is the highest level of danger.  And based on that,
16:45:23  11   based on the presumption and nature and circumstances of
16:45:27  12   the offense, the government takes the position that the
16:45:31  13   only appropriate outcome here, the only way to ensure
16:45:35  14   safety of the public is for the defendant to continue to
16:45:38  15   remain in detention.
16:45:42  16          MAGISTRATE JUDGE SCHROEDER:  Ms. Kubiak?
16:45:49  17          MS. KUBIAK:  Thank you, your Honor.  While
16:45:52  18   the Court is aware, this is a presumption case, it is a
16:45:56  19   rebuttable presumption.  Mr. Regan does possess the
16:46:00  20   presumption of innocence.  And the Court can detain him
16:46:09  21   if there are no combination of conditions that will
16:46:13  22   reasonably assure his appearance and safety to the
16:46:15  23   community.  And I would submit that there are a
16:46:18  24   combination of conditions that this Court can impose to
16:46:21  25   address both a risk of nonappearance as well as
```

1                    USA VS. M. REGAN

2    ameliorate the government's concern with respect to

3    danger to the community.  The Pretrial Services Report

4    lists three things under assessment of nonappearance.  I

5    think each and every one of those things can be

6    addressed by a combination of conditions.  One, they

7    list the possession of a U.S. Passport.  Your Honor can

8    order Mr. Regan to surrender that to the Clerk of the

9    Court.  There is a reference to leaving the scene of an

10   accident.  He had a DWI misdemeanor imposed over 10

11   years ago, and he successfully completed probation.  So

12   he has a history being able to comply with conditions of

13   release as well as complying with conditions of

14   probation and successfully completing those probationary

15   terms.  The conflicting information, I think it's minor,

16   with respect to some of the things that the wife

17   indicated in verifying the report versus what Mr. Regan

18   provided.  So, as to those three things, I think there

19   is a combination of conditions that this Court can

20   impose.  The Court can also use some type of surety bond

21   or signature bond that a family member could execute to

22   ensure his appearance.  We would ask for electronic

23   monitoring or GPS to be imposed where he is on home

24   incarceration, that he comply with any conditions of

25   substance abuse treatment or evaluation and mental

1                    USA VS. M. REGAN

16:48:08  2  health evaluation and treatment.  This Court can impose

16:48:11  3  a zero tolerance and no consumption of alcohol with

16:48:16  4  respect to any concern that the prior DWI would provide

16:48:21  5  to the Court.

16:48:22  6              With respect to dangerousness, Judge, there

16:48:25  7  are four things, again, listed in the report that

16:48:27  8  indicate that there is an assessment of danger.  One,

16:48:31  9  again, is the prior DWI, which, again, was 10 years ago

16:48:36  10  and he successfully completed probation.  And, again,

16:48:40  11  that was resolved by way of an unclassified misdemeanor

16:51:29  12  conviction in 2010.  The probation report also

16:51:34  13  references the possession of a firearm.  That firearm

16:51:37  14  was legally possessed by Mr. Regan and has been

16:51:41  15  surrendered, and, to my knowledge, there are no other

16:51:43  16  firearms or weapons located at the residence where he

16:51:46  17  can return and reside.  So that can be ameliorated by

16:51:50  18  the fact that that weapon is no longer in his

16:51:52  19  possession.  The nature and circumstances of the offense

16:51:55  20  that Mr. Cantil just outlined, obviously, you know, go

16:51:59  21  to the presumption of innocence.  Some of the supporting

16:52:03  22  and corroborating evidence we haven't been able to see

16:52:06  23  yet, so I can't really confront that or take issue with

16:52:10  24  that.  But he does have the presumption of innocence

16:52:13  25  that he maintains throughout the case.  And, again, the

1          USA VS. M. REGAN

16:52:17   2   conflicting information, I think, is minor with respect
16:52:20   3   to what is contained in the report.  So, there is a
16:52:24   4   combination of conditions that this Court can impose to
16:52:28   5   ameliorate both of those conditions.  Judge, you can put
16:52:32   6   him on GPS monitoring and know where his whereabouts are
16:52:35   7   known 24/7.  He can be ordered to participate in
16:52:38   8   counseling.  And he can be ordered to not have any
16:52:41   9   contact whatsoever with the victim or any witnesses
16:52:44   10  whatsoever in this case.  He can participate in the
16:52:47   11  computer monitoring program with respect to the U.S.
16:52:54   12  Probation office, be directed not to have any electronic
16:52:58   13  devices in his home whatsoever, participate in sex
16:53:04   14  offender treatment, should it be required.  And, lastly,
16:53:08   15  Judge, just with respect, as the Court is aware, you
16:53:11   16  know, the danger with respect to COVID going through our
16:53:15   17  local facilities right now, under 3142(i), I think that
16:53:21   18  is an exceptional circumstance the Court can take notice
16:53:26   19  of.  In addition, he is a corrections officer and so I
16:53:29   20  would also submit that position, in and of itself, may
16:53:34   21  put him in additional peril or danger with respect to
16:53:40   22  being in a local jail facility and potentially coming
16:53:43   23  into contact with other people who might have been in
16:53:46   24  the state, New York State Department of Corrections
16:53:48   25  system.  So based upon that, I would submit there is a

USA VS. M. REGAN

16:53:52  2  combination of conditions that this Court could impose

16:53:56  3  with regard to Mr. Regan.

16:53:59  4  MAGISTRATE JUDGE SCHROEDER:  Mr. Cantil,

16:54:00  5  anything you want to add?

16:54:08  6  MR. CANTIL:  Sorry, your Honor.  I would

16:54:10  7  just add, I failed to mention this in my closing

16:54:14  8  remarks, I would just add that some of the conversations

16:54:20  9  that the defendant had with the minor victim included,

16:54:23  10  kind of, ideations and statements that he had previously

16:54:28  11  engaged in sexual acts with family members, and, you

16:54:34  12  know, both in an interest in doing so again, both male

16:54:39  13  and female.  I think it's going to be difficult for the

16:54:44  14  Court to craft kind of restrictions that would have him

16:54:51  15  stay away from all family members, you know, during the

16:54:55  16  holiday, the level of depravity that the defendant is

16:55:01  17  willing to go through is so high and there are other

16:55:05  18  potential victims out there that it sounds like, based

16:55:08  19  on his statements and the statements of the victim, that

16:55:11  20  may exist, that the danger is kind of acute to certain

16:55:14  21  people in the community, but they are also kind of

16:55:19  22  broader as well.  I failed to mention that at the end.

16:55:22  23  I would just add there is this wrinkle with kind of

16:55:29  24  incestuous assault, that there is consideration.  And,

16:55:32  25  again, I would just submit that there is no combination

                              USA VS. M. REGAN

16:55:36  2   of conditions that are going to adequately offer

16:55:41  3   protection it for the community.

16:55:44  4              PROBATION:  Judge, if I may add with respect

16:55:50  5   to the conflicting information.

16:55:51  6              MAGISTRATE JUDGE SCHROEDER:  Certainly.

16:55:52  7              PROBATION:  The defendant did report to us

16:55:54  8   that he does have a 5-year-old Goddaughter and a minor

16:55:59  9   nephew, which were at his residence at the time that he

16:56:04 10   was arrested for the instant offense.  He further stated

16:56:08 11   that they do visit several times a week to visit with

16:56:14 12   his minor children.  Judge, he wasn't initially

16:56:17 13   forthcoming with this information, but he did eventually

16:56:21 14   report it.  His wife reported otherwise.  She stated

16:56:27 15   that he doesn't have any contact with any minors, made

16:56:32 16   no mention of any family members that were at the house

16:56:37 17   the same day, so, Judge, that is the conflicting

16:56:41 18   information that we reported.  I just wanted to clarify

16:56:44 19   that.

16:56:46 20              MAGISTRATE JUDGE SCHROEDER:  Okay.  In

16:56:51 21   considering the government's motion to have the

16:56:53 22   defendant detained, it's my obligation to take into

16:56:57 23   account all of the facts and circumstances that have

16:57:02 24   been made known to the Court, and consider those in

16:57:04 25   their total context.  And I begin that process by,

```
                          USA VS. M. REGAN
```

1

2  first, recognizing, expressly stating the presumption of

3  innocence.  The defendant is entitled, both through the

4  Constitution of the United States and in the Bail Reform

5  Act of 1984, as amended, and he is entitled to enjoy

6  that presumption throughout the entire case.  I am also

7  taking into account a different presumption, and that is

8  the presumption found in the Bail Reform Act, which the

9  government cites and relies upon in support of its

10 motion to have the defendant detained, and that is the

11 presumption of dangerousness, which Congress has found

12 to exist when someone is charged with certain types of

13 crimes, including the crimes with which the defendant

14 presently is charged.  Admittedly, that presumption is a

15 rebuttable presumption.  But, based on what has been

16 proffered by the government as well as what is contained

17 in the sworn affidavit of the agent in support of the

18 Criminal Complaint, and the allegations set forth in the

19 Criminal Complaint, and what has been proffered on

20 behalf of the defendant by defense counsel, in

21 considering all of those circumstances in their

22 totality, I conclude that that presumption of

23 dangerousness has not been rebutted.

24          I also find that based on what has been

25 presented and, once again, what is contained in the

1          USA VS. M. REGAN

16:58:48   2   affidavit in support of the Criminal Complaint

16:58:51   3   establishes clear and convincing evidence to the Court

16:58:54   4   that the defendant does constitute a danger to members

16:58:57   5   of the community and especially minors.  But I

16:59:06   6   emphasize, once again, the presumption of innocence to

16:59:09   7   which the defendant is entitled to.  It would appear to

16:59:12   8   the Court, based on what has been proffered by the

16:59:15   9   government that the government does have a strong case

16:59:17   10  in that it makes reference to text messages allegedly

16:59:23   11  made by and between the defendant and a victim as well

16:59:29   12  as statements from the victim and other types of

16:59:33   13  corroborating evidence.  When I consider the nature of

16:59:38   14  the charges and what has been proffered, as far as

16:59:42   15  alleged physical contact and undertakings to conduct

16:59:47   16  physical activity of a sexual nature with alleged

16:59:54   17  minors, I have concluded that there are no terms and

16:59:58   18  conditions that I could impose or create that would

17:00:03   19  really guarantee safety of any member or members of the

17:00:07   20  community.  And because of that, I am granting the

17:00:12   21  government's motion and hereby remand the defendant to

17:00:14   22  the custody of the U.S. Marshal Service until further

17:00:17   23  order of the Court.

17:00:20   24          As to a preliminary hearing, Ms. Kubiak does

17:00:22   25  the defendant waive his right to the hearing.

```
 1                    USA VS. M. REGAN
17:00:24  2          MS. KUBIAK:  Yes, your Honor.  Would the
17:00:27  3   Court be willing to set a preliminary or a 48(b) date in
17:00:31  4   light of what is presently going on with respect to
17:00:34  5   COVID so that I can try and get some of the forensic
17:00:38  6   investigation from the government and possibly pursue
17:00:43  7   pretrial or pre-indictment negotiations.
17:00:47  8          MR. CANTIL:  The government would join in
17:00:48  9   that request, your Honor.
17:00:49 10          MAGISTRATE JUDGE SCHROEDER:  All right.  I
17:00:50 11   will give one 48(b) date.
17:00:53 12          MS. KUBIAK:  Thank you, your Honor.
17:00:54 13          MAGISTRATE JUDGE SCHROEDER:  With the
17:00:55 14   understanding that there will be no adjournments of
17:01:38 15   that.  And I realize there will be the trickle-type of
17:01:50 16   evidence the e-mails or SnapChats or text messages,
17:01:54 17   whatever the government has been gathering and I
17:02:01 18   understand that may take some time, not only to produce
17:02:04 19   and turn over to the defense, but then have the defense
17:02:07 20   analyze it as well.  And, so, I'm thinking unless I hear
17:02:12 21   something to the contrary, that would convince me
17:02:15 22   otherwise 60-day time period to do what the parties wish
17:02:21 23   to do in trying to resolve this matter.  Ms. Kubiak.
17:02:26 24          MS. KUBIAK:  I would ask for that, Judge,
17:02:28 25   that would be our request.
```

1                     USA VS. M. REGAN

17:02:32  2              MAGISTRATE JUDGE SCHROEDER:  Sixty days

17:02:34  3   agreeable?

17:02:36  4              MR. CANTIL:  That is fine with the

17:02:38  5   government, Judge.

17:02:38  6              MAGISTRATE JUDGE SCHROEDER:  You're on mute.

17:02:40  7              M. CANTIL:  That's fine with the government,

17:02:41  8   your Honor.

17:02:42  9              MAGISTRATE JUDGE SCHROEDER:  You're on mute,

17:02:43  10  Ms. Kubiak.

17:02:43  11             MS. KUBIAK:  Yes, that is agreeable.

17:02:45  12             MAGISTRATE JUDGE SCHROEDER:  Now, you're,

17:02:46  13  okay, now you're okay, Ms. Kubiak.  All right.  And is

17:02:50  14  it the position of the defendant that the time between

17:02:53  15  now and February 12th, 2021, will, in fact, be utilized

17:03:15  16  in such a way so as to operate and enure to the benefit

17:03:19  17  of the defendant, and, therefore, such time should be

17:03:21  18  included for purposes of the Speedy Trial Act.  The time

17:03:25  19  requirement set forth in Rule 5.16, the Federal Rules of

17:03:29  20  Criminal Procedure, and any other statutory time

17:03:31  21  requirements that might be applicable.

17:03:33  22             MS. KUBIAK:  Yes, your Honor.

17:03:34  23             MAGISTRATE JUDGE SCHROEDER:  And, Mr.

17:03:36  24  Cantil, is it the government's position that the time

17:03:38  25  between now and February 12th, 2021, will operate in the

USA VS. M. REGAN

interest of justice in this case, and, therefore, such time should be excluded for purposes of the Speedy Trial Act?

MR. CANTIL:  That is the government's position, your Honor.

MAGISTRATE JUDGE SCHROEDER:  Based on the representations made by counsel for the parties herein, I find that the time between now and February 12th, 2021, will, in fact, be utilized in such a way so as to operate and enure to the benefit of the defendant as well as to operate in the interest of justice in this case in that such time is going to be utilized to allow the government an opportunity to provide voluntary discovery materials to the defendant, and, therefore, give defense counsel sufficient time within which to review the materials provided as well as to prepare in the representation of the defendant so as to provide the defendant with effective assistance of counsel that being his constitutional right, which right outweighs, the public's right or interest to a speedy trial or disposition in this matter.  Further, such time is going to be utilized by the parties for the purpose of conducting pretrial negotiations with the objective of reaching an agreement that will dispose of this matter

1                    USA VS. M. REGAN

17:04:48   2   without the necessity of a trial.  And should that

17:04:50   3   objective be accomplished, the public will also benefit

17:04:54   4   from same in that it will be spared the cost and

17:04:57   5   expenditures of resources that will be necessitated in

17:05:00   6   the holding of a trial and possible appeal.  For all of

17:05:03   7   those reasons, the time is justifiably and validly

17:05:07   8   excludable, and is hereby so excluded pursuant to and in

17:05:33   9   accordance with the provisions contained in Title 18 of

17:05:36  10   the U.S.C. Section 3161(h)(7)(A) and Section

17:05:40  11   3161(h)(7)(B)(iv).  And Mr. Cantil, will you provide an

17:05:45  12   order of exclusion to that effect, please?

17:05:48  13              MR. CANTIL:  Yes, your Honor.

17:05:49  14              MAGISTRATE JUDGE SCHROEDER:  I hereby issue

17:05:50  15   my order pursuant to Rule 48(b) of the Federal Rules of

17:06:01  16   Criminal Procedure, wherein and whereby the Criminal

17:06:13  17   Complaint here in will be deemed dismissed without

17:06:16  18   prejudice effective February the 12th, 2021 with the

17:06:21  19   further admonition that there will be no further

17:06:24  20   extensions of that date unless it's solely for the

17:06:26  21   purpose of having a plea effectuated in front of a

17:06:30  22   district judge.

17:06:32  23              Anything further at this time.

17:06:34  24              MS. KUBIAK:  No, your Honor.  Thank you very

17:06:35  25   much.

```
 1                    USA VS. M. REGAN
17:06:36  2          MR. CANTIL:  Nothing from the government.
17:06:38  3          MAGISTRATE JUDGE SCHROEDER:  Thank you.
17:06:39  4   Everyone stay safe.
17:06:41  5          MS. KUBIAK:  You too.  Thank you.
 6                    *     *     *
 7              CERTIFICATE OF REPORTER
 8
 9      I certify that the foregoing is a correct transcript
10   of the record to the best of my ability of proceedings
11   transcribed from the audio in the above-entitled matter.
12
13   S/ Karen J. Clark,  RPR
14   Official Court Reporter
15
16
17
18
19
20
21
22
23
24
25
```