```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF NEW YORK


  UNITED STATES OF AMERICA,    *      Docket Number:
                                      1:21-cr-00135-JLS-HKS
                                *
                                *         Buffalo, New York
              v.                *         September 16, 2021
                                *         10:10 a.m.
                                *
  MICHAEL REGAN,                *         MOTION HEARING
                                *
              Defendant (1).    *
                                *
  * * * * * * * * * * * * * * *

                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JOHN L. SINATRA, JR.
                   UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:            JAMES P. KENNEDY, JR.,
                               UNITED STATES ATTORNEY,
                               By CAITLIN M. HIGGINS, ESQ.,
                               Assistant United States Attorney,
                               Federal Centre,
                               138 Delaware Avenue,
                               Buffalo, New York  14202,
                               Appearing for the United States.


For the Defendant:             FEDERAL PUBLIC DEFENDER'S OFFICE
                               By FONDA D. KUBIAK, ESQ.,
                               Assistant Federal Public Defender,
                               300 Pearl Street,
                               Suite 200,
                               Buffalo, New York  14202.



The Courtroom Deputy:          KIRSTIE L. HENRY

Court Reporter:                BONNIE S. WEBER,
                               Notary Public,
                               Robert H. Jackson Courthouse,
                               2 Niagara Square,
                               Buffalo, New York  14202,
                               Bonnie_Weber@nywd.uscourts.gov.
```

1
2      Proceedings recorded by mechanical stenography,
             transcript produced by computer.
3
4              (Proceedings commenced at 10:10 a.m.)
5
6          **THE CLERK:**  All rise.
7          The United States District Court for the Western
8  District of New York is now in session.  The Honorable John
9  Sinatra presiding.
10         We're on the record in the matter of United States v.
11 Michael Regan, case number 21-CR-135.  We're here for an oral
12 argument.  The defendant is present in the courtroom.  Also
13 present is USPO Andre McCray.
14         Counsel, please state your appearances for the record.
15         **MS. HIGGINS:**  Good morning, Judge.  Caitlin Higgins
16 and Maeve Huggins, on behalf of the Government.
17         **MS. KUBIAK:**  Good morning, Your Honor.  Fonda Kubiak,
18 with Michael Regan.
19         **THE COURT:**  Good morning, Counsel, and good morning,
20 Mr. Regan.
21         **THE DEFENDANT:**  Good morning.
22         **THE COURT:**  We're here today on Mr. Regan's motion to
23 revoke the Magistrate Judge's order of detention.  My review is
24 de novo, as you know.
25         Before we begin, Ms. Higgins, have the victims been

1  given notice of today's proceeding?

2  **MS. HIGGINS:** Yes, Judge. And, in fact, Minor Victim
3  Two's mother is in the courtroom and is present today.

4  **THE COURT:** I've studied the submissions, the
5  transcripts, and the complaint, and I have also studied the
6  letter that came in this morning from the defendant's wife, and
7  so I'm ready to proceed.

8  Ms. Kubiak, why, in your estimation, should your
9  client be released?

10  **MS. KUBIAK:** Judge, I don't want to belabor most of my
11  submissions or my two prior arguments, but Mr. Regan's position
12  is that coupled with the presumption of innocence and his
13  history in the community, that those factors do weigh in favor
14  of release.

15  While there is a presumption of detention, it is a
16  rebuttable presumption and this Court can only detain him if
17  there are no combination of conditions that will reasonably
18  assure his appearance and safety to the community.

19  Mr. Regan's position is that there are a multitude of
20  combination of conditions that can be imposed. With respect to
21  risk of flight, he's a life-long resident of Western New York.

22  He has strong family ties, a very lengthy employment
23  history. He can return and reside in his residence and, as you
24  can see by the Court -- by the letters submitted to the Court
25  from his wife, their family is suffering and struggling.

1          And that is his primary focus and impetus, is to come
2    home, take care of his family and ameliorate their suffering as
3    a result of his incarceration.
4          So with respect to the conditions that can be imposed
5    to assure his appearance, he submits that they are more than
6    sufficient to assure the Court that he will -- to reasonably
7    assure the Court that he will appear and answer these charges.
8          And, in fact, as the Court can see from the prior
9    transcripts, he vehemently denies these allegations and he
10   intends to fully defend himself with a full-throated defense.
11         And therefore, he certainly would not plea because he
12   is determined to address the charges and put the Government to
13   their burden of proof beyond a reasonable doubt.
14         With respect to danger, Judge, I again, would go back
15   to the items that I set forth, both in our written submissions,
16   as well as the two prior arguments, in that there are, in
17   combination, a multitude of conditions that can ameliorate all
18   of the concerns that the Government addressed within their
19   response.
20         He can again, reside on GPS monitoring, home
21   electronic monitoring, where his whereabouts can be monitored
22   24/7.
23         He can be in the custody of his wife, who could be
24   under an obligation to the Court to alert them immediately,
25   should he leave the residence.

1              The Court can impose even more restrictive telephone
2    and computer monitoring conditions, as I set forth at length in
3    my papers.
4              And those are even beyond what we normally would do in
5    a typical case like this, that can absolutely ensure that
6    Mr. Regan is not going to have access to any media devices and
7    contact anyone outside of his residence or his home.
8              So I think when you look at everything in its
9    totality, the arguments I previously made, in addition to my
10   written submissions, it's Mr. Regan's position that he is not a
11   flight risk, that he is not a danger, and that there is a
12   multitude of combinations of conditions that rebut the
13   presumption, allow this Court to release him and ensure not only
14   his appearance, but safety of the community.
15             **THE COURT:**  Mr. Regan is entitled to the presumption
16   of innocence and you indicated that he's -- vehemently opposes
17   the charges, but don't I need to consider, as well, the
18   statement that he gave to the FBI?
19             **MS. KUBIAK:**  Yes, Judge.  And as I indicated on
20   August 26th to Judge Schroeder, Mr. Regan has instructed me to
21   take the position that that statement that was given to law
22   enforcement the day his house was raided by armed agents at
23   6:34 a.m. in the morning; that he was outside in the freezing
24   cold; that he was clearly not thinking appropriately; that he
25   was coerced and that that information that he provided was

1  prompted by law enforcement and that he did that as a result of
2  the shock and fear that he sustained during the execution of the
3  search warrant at his residence.
4          **THE COURT:**  Regarding safety, safety to the community,
5  safety to individuals, what about the three -- the fact that
6  Victim One would be in the same house?
7          **MS. KUBIAK:**  Judge, he obviously disputes and denies
8  those charges.  His position is that the -- while there are
9  images, as identified by the Government, that those images do
10 not constitute child pornography.
11         And therefore, Minor Victim One is not, in fact, a
12 victim.  That those images are essentially akin to a bathtub
13 photograph that most parents take of their children.
14         And so he disputes the categorization of that
15 individual being a minor, or a minor victim, and he disputes the
16 categorization of the Government that those images constitute
17 child pornography.
18         And I think if the Court couples that with the letter
19 from the wife, who also seems to take the same position, wants
20 him to return, and isn't concerned about his presence in the
21 home with that individual.
22         **THE COURT:**  What about the alleged threats to Victim
23 Two?
24         **MS. KUBIAK:**  Again, Judge, with respect to that, he
25 disputes that he was, in fact, the individual who had contact

1  with Minor Victim Two and therefore, it wasn't him that engaged
2  in that conduct.
3          **THE COURT:**  First, Ms. Higgins, on risk of flight,
4  what's the Government's argument about why Mr. Regan is a risk
5  of flight, if he were released?
6          **MS. HIGGINS:**  Judge, at the outset, this is not the
7  typical case.  This is not -- and I -- I don't want to say,
8  possession of child pornography is a typical case.
9          But, Judge, the charges here are enticement and
10 production.  It's the Government's position that these are some
11 of the most serious charges a defendant can face.
12         One of the charges carries a mandatory minimum of
13 15 years and the other charge carries a possibility of a life
14 sentence.
15         Those charges, the stigma associated with them, and
16 the gravity and extent of time, those present every incentive in
17 the world for this defendant to flee and to leave this community
18 and try to escape the reality of the situation.
19         And with --
20         **THE COURT:**  Should I find risk of flight every time a
21 defendant is facing a long prison sentence?
22         **MS. HIGGINS:**  No, Judge.  But the case law is clear
23 that the amount of time a defendant is facing is part of the
24 analysis and certainly can provide an incentive.
25         And you don't have to detain the defendant simply on

1    risk of flight.  This defendant is an extraordinarily dangerous

2    pedophile and his conduct demonstrates that he is a danger to

3    this community.

4           **THE COURT:**  Ms. Kubiak went to great lengths to

5    propose a series of conditions that she says would ameliorate

6    any danger to the community.

7           Why do you believe that's not sufficient?

8           **MS. HIGGINS:**  Because, Judge, here, the best case

9    scenario, in terms of the Government's position, is that if he

10   was ever released, he would be released on home incarceration.

11          And, as Your Honor pointed out, he would be released

12   to a residence where a minor victim resides.  Whether this

13   defendant believes that the image of Minor Victim One

14   constitutes child pornography is of absolutely no moment.

15          A Grand Jury has already found that there is probable

16   cause to believe that this defendant produced child pornography

17   of his own child.

18          And, Judge, I can describe the image to you.  This

19   is -- let me be clear.  This is not a bathtub picture and, quite

20   frankly, that is an offensive characterization of what this

21   image is.

22          This is of an infant who is one years old, sleeping,

23   with her dress pulled up, no diaper, her legs spread and the

24   camera focused on her vagina.

25          This is, simply put, not an image any parent in the

1   world would have on their photo- -- on their phone for any other
2   reason than for a deviant sexual interest in children.
3           Which this defendant has repeatedly demonstrated
4   throughout the chats with Minor Victim Two -- which by the way,
5   as I demonstrated in the papers, we have tied back to an IP
6   address registered to Michael Regan.
7           Throughout the texts, he is talking about sexual
8   encounters with other minor victim relatives.  He asks Minor
9   Victim Two to have sex -- have a sexual encounter with one of
10  her relatives and film it for him.
11          He talks about wanting to include other nieces to have
12  sex with Minor Victim Two.  This is a defendant with a
13  demonstrated and repeated sexual interest in children and he is
14  a danger to the community.
15          That's -- that is the reason that no condition or
16  combination of conditions could assure the safety of this
17  community.
18          If you release him to the home, where quite frankly,
19  this conduct occurred under the watch of his wife.  He was
20  living with his wife throughout all of the relevant time period.
21          If you release him to this, there is no way to assure
22  that he doesn't acquire an electronic device.  There is
23  absolutely no way.
24          And there is no way to ensure that he doesn't cut off
25  his bracelet and run off.  There is no way to assure that he

1  doesn't contact the victim and threaten her again.

2         And quite frankly, I spoke with Minor Victim Two's

3  mother this morning.  Minor Victim Two is a mess right now.  She

4  knows that this detention hearing is occurring.

5         She's in school today and she is a mess.  She is very

6  concerned about the defendant's release, as is Minor Victim

7  Two's mother, who says there are grave concerns for her safety.

8         Judge, there is simply -- the best case scenario can't

9  happen in this case because you can't release the defendant into

10 a home where a victim resides.

11        That just defies logic.  It's like I said in my

12 paper -- papers, akin to releasing a drug dealer back to his

13 stash house.

14        **THE COURT:**  Ms. Kubiak, anything in response?

15        **MS. KUBIAK:**  Can I have one second, Judge?

16        **THE COURT:**  Sure.

17        **MS. KUBIAK:**  Judge, again, he wants me to reiterate

18 the categorization of Minor Victim One as a victim.  He is

19 simply trying to go back and provide for his family.

20        He has a loss of use interview on September 23rd.  His

21 family, obviously, as you can see, is struggling.  He has no

22 intention of putting his family in jeopardy.

23        Even if there were some cash surety or property

24 posted, he is not looking to go anywhere.  He wants to take care

25 of his family, be home with his family, who is struggling in his

1  absence.
2         And that is his focus, so that he can then address
3  these charges before a jury and put the Government to its proof.
4         **THE COURT:**  Ms. Higgins, I thought I saw something in
5  the papers, and Ms. Kubiak is alluding to it, I believe, about
6  an independent medical examination or something of that nature,
7  scheduled in October.
8         How do you respond to that?
9         **MS. HIGGINS:**  Judge, this is the first time that I've
10 been aware of this and --
11        **THE COURT:**  It's in the papers, I think.
12        **MS. HIGGINS:**  Right.  That's what I meant from the
13 papers, is first time I was made aware of this IME.  Again, I --
14 the Government's position is that he should not be released.
15        I understand he has -- that this -- that his family is
16 struggling, but that isn't a reason to release him into this
17 community.
18        And quite frankly, the defendant saying that he needs
19 to provide for his family and that they are struggling in his
20 absence, they are struggling in his absence because of his
21 conduct and this defendant cannot be trusted to go back with his
22 family.
23        Because he has already failed them.  He has already
24 committed egregious crimes under their watch, living with his
25 children, living with his wife.

1         He sought out a 13-year-old girl to have sex with.
2    This, quite frankly, I cannot conceive, and it's difficult to
3    conceive of a more dangerous defendant than one that would go
4    and prey on helpless children.
5         So the Government's position is -- remains that I
6    understand that the family is struggling financially.  But that
7    does not outweigh the presumption here that he is an incredible
8    danger to this community.
9         **THE COURT:**  Ms. Kubiak, it looked like you were about
10   to say something.  Anything else?
11        **MS. KUBIAK:**  No, Judge.  I think that everything else
12   I said in the last two transcripts and my papers suffice.
13        **THE COURT:**  Under the statute, which is 18 United
14   States Code 3142(e), I must independently determine if a
15   condition or combination of conditions will reasonably assure
16   Mr. Regan's appearance, as required, and the safety of the
17   community.
18        If I find that no such condition or combination of
19   conditions exist, I must order that he be detained pending
20   trial.
21        I have given these arguments and facts a lot of
22   consideration.  I have read all the submissions very carefully
23   throughout the week and in my judgment, release is not warranted
24   here.
25        And that's without prejudice, Ms. Kubiak, to raising

1    the IME issue, any kind of temporary release for the day or
2    whatever to Judge Schroeder in the first instance and he can
3    make the judgement on that issue.
4            But release otherwise is not warranted in this case.
5    The Grand Jury has indicted Mr. Regan.  Obviously, he's charged
6    with offenses involving a minor victim and the rebuttable
7    presumption applies in my judgment that presumption has not been
8    rebutted.
9            And to be sure, I have considered all the statutory
10   factors, including all subsections, specifically, the nature and
11   circumstances of the offenses, the weight of the evidence,
12   Mr. Regan's history and characteristics, and the danger to the
13   community, and in particular, with respect to the 3142(g)
14   factors, obviously, the charges are serious.
15           Yes, he is facing a significant amount of time if he's
16   convicted.  The offense conduct is particularly noteworthy,
17   egregious, and I think there is a sufficient weight of the
18   evidence, as well, based on the proffers and the submissions and
19   everything else that I looked at that's been submitted to me on
20   this issue.
21           Also, including the two interviews with Victim Two and
22   the statement given to the FBI.  Also, the corroborating
23   evidence that the Government has cited in its papers.  I have
24   taken into account mitigating issues, as well, obviously.
25           His work history, his family, community ties, criminal

1  history.  I have considered all of those issues and they are not
2  sufficient to change my mind.
3          Risk to the victims, Victim Two, especially.  Victim
4  One, as well.  The risk to others.  I'm not sure about some of
5  the talk that I read about in those texts, whether it was real
6  or not.
7          I guess that will be determined sometime, but it's
8  enough to be of significant concern, as well, regarding
9  interactions with other people, other minors.
10         Also, the indication -- the allegation that Mr. Regan
11 instructed the victim to hide evidence is -- bears on his
12 trustworthiness, as well.
13         My analysis of these factors is based on my
14 considerations of the parties' arguments and written
15 submissions, the Government's proffer of the transcripts of the
16 hearings that occurred before Judge Schroeder on December 8th,
17 2020, and August 26, 2021, and the pretrial services report
18 dated December 7, 2021, the indictment, the complaint signed by
19 Judge Schroeder and the accompanying affidavit of Randall
20 Garver.
21         After considering all these inputs, I find by a
22 preponderance of the evidence that Mr. Regan presents a flight
23 risk and that no combination, conditions, or a combination of
24 conditions would reasonably assure his appearance, as required.
25         I also find by clear and convincing evidence that

1  Mr. Regan's release would pose a danger to the safety of others
2  in the community and that no condition or combination of
3  conditions will assure the safety of others or the community if
4  he were released pending trial.
5          The transcript of my oral ruling here today shall
6  constitute my written findings and decision on the motion and
7  there will be a text order, as well.
8          Mr. Regan is remanded to the custody of the Marshals.
9  Thank you, everyone.
10              **MS. HIGGINS:**  Thank you, Judge.
11              **MS. KUBIAK:**  Thank you, Judge.
12
13              (Proceedings concluded at 10:30 a.m.)
14
15                           *   *   *

1
2   "I certify that the foregoing is a correct transcript, to the
3    best of my ability, from the record of proceedings in the
4                    above-entitled matter."
5
6
7   _s/ Bonnie S. Weber_                _October 4, 2021_
      Signature                              Date
8
9   BONNIE S. WEBER
10  Official Court Reporter
    United States District Court
11  Western District of New York
12
13
14
15
16
17
18
19
20
21
22
23
24
25