**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

                           **Plaintiff,**

 **v.**

                                                          **21-CR-135 JLS**

**MICHAEL REGAN,**

                           **Defendant.**

━━━━━━━━━━━━━━━━━━━━━━━━

## <u>REPORT, RECOMMENDATION AND ORDER</u>

This case was referred to the undersigned by the Hon. John L. Sinatra,

Jr.,  in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report upon dispositive motions.

## <u>PRELIMINARY STATEMENT</u>

The defendant, Michael Regan ("the defendant"), is charged in a

multicount indictment with having violated Title 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B),

2282A(b)(2)( and 2422(b) along with a forfeiture allegation.  Dkt. #18.

The defendant, by way of counsel, originally filed a motion "to suppress

pursuant to Federal Rules of Criminal Procedure 4(c)(3)(A) and the Fifth Amendment"

wherein he seeks suppression of "all statements and physical evidence subsequently

seized" because the defendant "was not provided with a copy of any warrant, nor given the details of the arrest that Rule 4 requires."  Dkt. #69, pp. 2-3.  The defendant also filed a "motion to dismiss count 2 [of the indictment] as legally insufficient," as well as a "motion to sever counts 2 and 5 [of the indictment]" and a "motion to suppress identification" that was "unduly suggestive and unreliable" thereby requiring preclusion of an "in court identification of the defendant."  Dkt. #69, pp. 11-21.

The government filed its response to these motions wherein it advocated that each motion be denied.  Dkt. #72.

Oral argument on the defendant's motions was heard by this Court on March 1, 2023.  Since this Court found that the defendant had not submitted a proper affidavit in support of his motion to suppress the use of his statements made to law enforcement officers and suppression of "physical evidence subsequently seized," the defendant was given additional time within which to file a proper affidavit in support of his motion to suppress the use of evidence against him and to file a supplemental motion addressing an error in his motion for severance of certain counts in the indictment.  These additional filings were made on March 10, 2023 (Dkt. #74, 75) and the government's opposition to same was filed on March 17, 2023 (Dkt. #76).  The matter was then taken under advisement by this Court.

# FACTS[1]

On December 3, 2020, this Court issued a Criminal Complaint against the defendant and a warrant for his arrest based on that Complaint and the affidavit submitted in support of the Complaint wherein he was charged with having violated Title 18 U.S.C. §§ 2251(a) and 2422(b).  Dkt. #1.

On December 4, 2020, FBI agents executed the arrest warrant by arresting the defendant at his residence and also executed search warrants authorizing the search of the person of the defendant and the search of a gray 2020 Jeep automobile which was registered to the wife of the defendant  and the residence of the defendant.  20-MJ180, 20-MJ-181, 20-MJ-182.  At the time of his arrest, the defendant was employed as a New York State Corrections Officer.  After having placed the defendant under arrest, a law enforcement officer gave *Miranda* warnings and advice of rights to the defendant which he acknowledged he understood.  (*See* Exhibit C attached to defendant's motions.  Dkt. #69).  Subsequent to receiving the *Miranda* warnings and advice of rights, the defendant waived his right to remain silent and to have a lawyer present while he answered questions made to him by law enforcement officers.  (Exhibit C, Dkt. #69).  The defendant further evidenced his waiver of rights in a written statement which he gave to Special Agent Garver and Task Force Officer Hockwater.  In this written statement, the defendant made certain inculpatory admissions.  (Exhibit C, Dkt.

---

[1] The facts are taken from the filings in this case on behalf of the defendant and the responses to same as filed by the government.

#69).

The execution of the search warrants on December 4, 2020 resulted in the seizure of a cell phone belonging to the defendant which allegedly contained child pornography materials.

On December 3, 2020, prior to the arrest of the defendant and the execution of the aforesaid search warrants, law enforcement personnel interviewed an individual who is described as "Minor Victim 2." This person provided a detailed physical description of the defendant and her extensive association with the defendant. In addition, Minor Victim 2 provided a description of the vehicle in which alleged sexual activity took place between her and the defendant. After doing so, Minor Victim 2 was shown a photograph of the Jeep motor vehicle registered to the defendant's wife which Minor Victim 2 identified as being the vehicle that she and the defendant used for engaging in sexual activities.

**DISCUSSION AND ANALYSIS**

. **A.  Defendant's Motion to Suppress Evidence**

The defendant admits that a search warrant authorizing the search of his residence on December 4, 2020 was utilized by law enforcement in carrying out the

4

search of his residence.  Dkt. #69, p. 2.  However, he claims that he "was never shown

any search or arrest warrant, nor were the charges described to him."  Dkt. #69, p.2.  As

a result, he asserts that the requirements of Fed. R. Crim. P. 4(c)(3)(A) were not

complied with thereby requiring the suppression of the use of evidence obtained by the

prosecution on December 4, 2020.  Dkt. #69, p. 3.  It is noted that the defendant is not

claiming that his rights under the Fourth Amendment were violated by law enforcement

officers on December 4, 2020.  Instead, he seeks to have the exclusionary rule applied

to the evidence obtained by law enforcement personnel on December 4, 2020 because

of their failure  to comply with the requirements of Rule 4(c)(3)(A) of the Fed. R. Crim. P.

Rule 4(c)(3)(A) states:

> A warrant is executed by arresting the defendant.  Upon
> arrest, an officer possessing the original or a duplicate
> original warrant must show it to the defendant.  If the officer
> does not possess the warrant, the officer must inform the
> defendant of the warrant's existence and of the offense
> charged and, at the defendant's request, must show the
> original or a duplicate original warrant to the defendant as
> soon as possible.

In support of his position, the defendant cites *Bryson v. United States*, 419

F.2d 695 (D.C. Cir. 1969).  Dkt. #69, pp. 4-5.  However, the *per curiam* decision of the

court in *Bryson* establishes the contrary of defendant's position wherein the court

stated:  "Absent the need for a broad exclusionary rule to enforce Rule 4(c)(3) – a

question we leave open for a case which properly presents it – we can find no reason to

reverse." *Id*. at 701-702.  In his concurring opinion, Judge Berger expressly stated:  "I concur in the majority's opinion which affirms without remand because, as the majority implicitly recognizes, a violation of Rule 4(c)(3) does not require that the fruits of an incidental search be suppressed."  *Id*. at 702.

As the United States Supreme Court has held, "the [exclusionary] rule's sole purpose . . . is to deter future Fourth Amendment violations."  *Davis v. United States*, 564 U.S. 229, 236-237 (2011).  "No court has held that a violation of Rule 4(c)(3)(A) warrants the application of the exclusionary rule."  *United States v. Rodriguez-Arvizu*, 2022 W.L. 1164880 *3 (D. Arz. April 20, 2022); *United States v. Chung*, 2016 WL 11432472 *8 (N.D. Ga. Sept. 12, 2016).

Since the search of the defendant's person and his residence were conducted pursuant to search warrants, this Court is not aware of any claim by the defendant that his rights under the Fourth Amendment to the Constitution were violated. Therefore, any evidence seized from his person or his residence is not subject to suppression based on his claim that the agents failed to comply with the requirements of Rule 4(c)(3)(A) of the Fed. R. Crim. P.

Although the defendant states that he "was purportedly *Mirandized* a moment following his arrest on December 4, 2020" and that "he then provided a two-page handwritten inculpatory statement" and made "numerous more incriminating

6

statements," he argues that "all statements" made by him "should be suppressed" because he "was not provided with a copy of any warrant, nor given the details of the arrest that Rule 4 requires."  Dkt. #69, pp. 2-3.  This argument is rejected as being totally without merit.  As previously stated, the exclusionary rule does not apply to alleged violations of Rule 4(c)(3)(A) of the Fed. R. Crim. P.  The records in this case clearly establish that the defendant was given *Miranda* warnings and advice of rights "a moment after his arrest" even though he claims it was "purportedly" done.  Dkt. #69, p. 2.  The defendant signed a waiver of his rights after having received the *Miranda* warnings and advice of rights.  (*See* Exhibit C attached to Dkt. #69).  The defendant also acknowledged that the agents had identified themselves to him and that S.A. Garver "advised [him] of [his] *Miranda* rights which [he] also read and understood" since he was "a corrections officer and understood what *Miranda* rights are" and that he was giving this written statement of "[his] own free will."  (*See* Exhibit C attached to Dkt. #69).  It is pointed out that the defendant had been a New York State corrections officer since 2007.

Even if it were assumed, for purposes of argument, that the defendant was not "given the details of [his] arrest," that nevertheless is no legal reason to invalidate his waiver of rights after having been given *Miranda* warnings and advice of rights.  The United States Supreme Court "has never held that mere silence by law enforcement officials as to the subject matter of an interrogation is 'trickery' sufficient to invalidate a suspect's waiver of *Miranda* rights."  Once *Miranda* warnings are given, it is

7

difficult to see how official silence would cause a suspect to misunderstand the nature of his constitutional rights – 'his right to refuse to answer any question which might incriminate him' (citing *United States v. Washington,* 431 U.S. 181, 188 (1977); *Colorado v. Spring*, 479 U.S. 564, 576 (1987).  The Constitution does not require law enforcement personnel to supply a suspect with a flow of information to help him calibrate his self-interest in deciding whether to speak or stand by his rights."  *Moran v. Burbine*, 475 U.S. 412, 422 (1986); *Colorado v. Spring, supra* at 576.  It is also this Court's finding that the defendant's signed statement (Exhibit C attached to Dkt. #69) belies his claim that he was not aware of the charges against him.  Why would he write about and admit to having engaged in communicating with a minor about sexual matters and with having had sexual contact with her in his automobile if he was not aware of the charges against him.

Therefore, it is recommended that the defendant's motion to suppress the use of evidence obtained pursuant to the search warrants of December 3, 2020 be denied in all respects and that his motion to suppress the use of his statements at trial be denied in all respects as well.

**B.  Defendant's Motion to Dismiss Count 2 of the Indictment**

The defendant asserts that Count 2 of the Indictment "fails to sufficiently inform [him] of the specific prohibited conduct in question" because "it merely states that

[he] engaged 'in sexual activity for which any person can be charged with a criminal offense'" and therefore it "is unconstitutionally vague."  Dkt. #69, pp. 11-12.

"An indictment is sufficient if it first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.), *cert. denied* 504 U.S. 926 (1992).  "Further, an indictment need only track the language of the statute, and if necessary to apprise the defendant of the nature of the accusation against him with 'reasonable certainty,' state the time and place of the alleged offense in approximate terms."  *Russell v. United States*, 369 U.S. 749, 765-766 (1962).

Count 2 of the Indictment herein charges the defendant as follows:

> Beginning on or about August 5, 2020, the exact date being unknown, and continuing to on or about August 28, 2020, in the Western District of New York, and elsewhere, the defendant, MICHAEL REGAN, using facilities and means of interstate and foreign commerce, that is, a cellular telephone and the internet, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, Minor Victim 2, a person known to the Grand Jury, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense.
>
> All in violation of Title 18, United States Code, Section 2422(b).

9

Title 18 U.S.C. § 2422(b) reads as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Since the charge in Count 2 of the Indictment tracks the language of 18 U.S.C. § 2422(b) thereby containing the elements of the offense charged and also enables the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense," his argument that Count 2 is vague and fails to inform him sufficiently of the prohibited conduct in question is without legal merit and therefore it is recommended that his motion be denied.  *See United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007); *United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003); *United States v. Rojas*, 145 Fed. Appx. 647 (11th Cir. 2005).

### C.  Defendant's Motion to Dismiss Counts 1, 3 and 4 of the Indictment

The defendant seeks dismissal of Counts 1, 3 and 4 of the Indictment alleging violations of Title 18 U.S.C. §§ 2251(a) and 2251(e) (Production of Child Pornography) by claiming that those counts are "legally insufficient."  (Dkt. #69, pp. 13-

10

14).  In support of this argument, the defendant cites *United States v. Hillie*, 14 F.4[th] 677 (D.C. Cir. 2021).  However, the Second Circuit Court of Appeals has expressly rejected the findings in *Hillie* as being "inconsistent with our precedent and the precedent of numerous sister circuits" and considers itself "bound by our precedent."  *United States v. Close*, 2023 WL 17086495 at n. 2.

The same legal reasoning as set forth above in rejecting the defendant's motion to dismiss Count 2 of the Indictment applies to his motion to dismiss Counts 1, 3 and 4 of the Indictment.  Each of those counts tracks the language set forth in 18 U.S.C. §§ 2251(a) ad 2251(e) and each count contains the elements of the offenses charged and fairly inform the defendant of the charge against which he must defend.  Each charge contains language that enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offenses.  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.), *cert. denied* 504 U.S. 926 (1992); *Russell v. United States*, 369 U.S. 749, 765-766 (1962).

The defendant claims that "the grand jury was provided legally insufficient evidence of 'sexually explicit conduct' under counts 1, 3 and 4" and therefore, "the jury should not be given the opportunity to convict the defendant on evidence deficient as a matter of law."  Dkt. #69, p. 17.  This argument is rejected as being without legal merit.

"The validity of an indictment is tested by its allegations, not by whether the government can prove its case."  *Costello v. United States*, 350 U.S. 359, 363 (1956).  As the United States Supreme Court stated in *United States v. Calandra*, 414 U.S. 338, 345 (1974):  "An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."  *See also Costello, supra* ("an indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits").

It is also pointed out that "a court cannot test the sufficiency of the government's evidence on a motion to dismiss" the indictment.  *United States v. Sampson*, 898 F.2d 270, 282 (2d Cir. 2018).  The sufficiency of the government's evidence can only be determined at trial.  Rule 12(b)(2) of the Fed. R. Crim. P. bars the defendant's motion seeking to challenge the sufficiency of the government's evidence prior to trial.  *United States v. Piper*, 2012 WL 4757696 at *2 (D. Vermont 2012); *United States v. Rankin*, 422 F. Supp.3d 564, 878 (D. Conn. 2019).

Therefore, it is recommended that the defendant's motion to dismiss Counts 1, 3 and 4 of the Indictment be denied.

### D.  Defendant's Motion to Sever Counts 1 and 5 of the Indictment


Counts 1, 3 and 4 of the Indictment charge the defendant with "production of child pornography" in violation of 18 U.S.C. §§ 2251(a) and 2251(e).  Count 2 of the Indictment charges the defendant with "enticement of a minor" in violation of 18 U.S.C. § 2422(b) and Count 5 of the Indictment charges the defendant with "possession of child pornography" in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).  The time period during which the acts or offenses occurred in all five counts is August 5, 2020 through August 28, 2020.  Even though the victim in Counts 1 and 5 is apparently the defendant's "toddler child" and the victim in Counts 2, 3 and 4 is "an unknown 13 or 14 year old female" (Dkt. #74, p. 2), the charges in all five counts "are the same act or transaction, or are connected with or constitute parts of a common scheme or plan" and therefore can be validly joined pursuant to Rule 8(a) of the Fed. R. Crim. P.  *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011), *cert. denied* 565 U.S. 1128 (2012).  All five counts certainly have "sufficient logical connection."  *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cur, 1990).


Rule 14(a) of the Fed. R. Crim. P. provides "relief from prejudicial joinder" by allowing the court to "order separate trials of counts."  The defendant asserts that severance of Counts 1 and 5 in the Indictment "should be ordered, as [the defendant] can make a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other" and that he "seeks

to pursue different defense strategies regarding his child porn possession (Count 5) and enticement of a minor (Count 1) allegations."  More specifically, the defendant indicates that the charges in Counts 1 and 5 of the indictment relate to "his toddler child" and Counts 2, 3 and 4 relate to an "unknown 13 or 14 year old female" and that trying these counts together will deprive [him] of a fair trial."  Dkt. #74, p. 2.  The defendant merely states that "these two counts include different types of proof, with the enticement charge being complainant-credibility-driven, thus warranting [the defendant's] testimony to address inconsistencies and omissions in the testimony of this young witness," whereas "the possession charge, on the other hand, is more technical and does not compel the defendant's testimony in order to present a full defense."  Dkt. #74, p. 3.

This proffer of prejudice made by the defendant is insufficient to warrant the granting of his motion.  As the Second Circuit Court of Appeals has stated:  "It is settled that a mere unexplicated assertion . . . is not enough" citing *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968); *United States v. Werner*, 620 F.2d 922, 930 (2d Cir. 1980).

In expounding further on the issue of severance, the *Baker* court stated:

> [N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.  In making such a showing, it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the

14

> other – to satisfy the court that the claim of prejudice is
> genuine and to enable it intelligently to weigh the
> considerations of 'economy and expedition in judicial
> administration' against the defendant's interest in having a
> free choice with respect to testifying.

*Baker*, 401 F.2d at 977; *United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984).

The defendant has failed to meet this burden in his explanation as to why a severance should be granted.  Furthermore, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.  *Zafiro v. United States*, 506 U.S. 534, 538-39, 541 (1993); *United States v. Walker*, 142 F.3d 103, 110 (2d Cir.), *cert. denied* 525 U.S. 896 (1998); *United States v. Melendez* , 2022 WL 3640449 (2d Cir. 2022).  Therefore, it is recommended that the defendant's motion seeking severance of Counts 1 and 5 be denied.

## E.  Defendant's Motion to Suppress Identification

This motion by the defendant is creative to say the least.  He admits that he "is unaware of any identification procedure having been conducted utilizing a photo of [the defendant] himself."  Dkt. #69, p. 21.  Instead, he claims that the "complainant #1 in this matter was led by law enforcement to identify [the defendant] through her memory of a motor vehicle after being shown a similar photograph, purportedly of the defendant's Jeep."  Dkt. #69, p. 21.  The defendant makes reference to a "FBI 302 form"

dated December 3, 2020 which is attached as Exhibit "D" to his motion.  In this FBI 302

form, the complainant describes an individual "as being a white  male, very tall

approximately 6 feet, blondish/brown hair, muscular, scruffy looking with both arms

covered in tattoos from the wrist to the shoulder" with "an eagle tattoo on his right

shoulder" with whom she engaged in a sexual act in his vehicle at the end of

August 2020.  After the complainant "described the truck as being a 'Jeep truck' dark

gray in color with very large tires that stuck out from the side of the truck" which also

"had multi-colored LED lights around the wheel wells that he could illuminate from

inside" as being the vehicle that she engaged in sexual activity with the defendant, she

"was shown a photograph of the Jeep pick-up truck believed to be owned by [the

defendant]."   Dkt. #69, Exhibit D attached thereto.

        The defendant argues that by showing "a singular photograph, purportedly

of the defendant's Jeep, the procedure was unduly suggestive and unreliable" and

therefore, an "in court identification of the defendant should be precluded."  Dkt. #69,

pp. 19, 21.  The defendant further asserts that "a suppression hearing should thus be

conducted to determine whether this identification procedure was unduly suggestive

under the circumstances."  Dkt. #69, p. 21.

        In support of his motion, the defendant cites a number of cases which this

Court points out all relate to procedures utilized by law enforcement personnel to

establish the identification of a defendant by a witness.  They do not concern the

16

showing of a photograph or photographs of an object such as a motor vehicle.  This

Court has not been able to find a court decision involving the use of a photograph or

photographs by which a witness identifies an object such as a motor vehicle as being

"unduly suggestive" in the context of identifying a defendant.  Once again, the defendant

admits that he "is unaware of any identification procedure having been conducted

utilizing a photo of himself."  Dkt. #69, p. 21.  Since the complainant/witness gave a

detailed description of the defendant's physical characteristics and features before

being shown the photo of the defendant's Jeep vehicle, I conclude that the "vehicle

photo procedure" claimed by the defendant was not unduly suggestive and unreliable so

as to warrant the holding of an evidentiary hearing or the preclusion of an in-court

identification of the defendant by the complainant.  Therefore, it is recommended that

the defendant's motion be denied.


It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:


This Report, Recommendation and Order be filed with the Clerk of the

Court.


**ANY OBJECTIONS** to this Report, Recommendation and Order must be

filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute,

Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

17

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:       Buffalo, New York
             April 5, 2023

                              *S/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

18