UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.

MICHAEL REGAN,

        Defendant.

───────────────────────────────

21-CR-135 (JLS) (HKS)

## DECISION AND ORDER

Defendant Michael Regan is charged in a five-count indictment with three counts of production of child pornography, one count of enticement of a minor, and one count of possession of child pornography. Dkt. 18. On August 19, 2021, United States Magistrate Judge H. Kenneth Schroeder, Jr. was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 20. Presently before the Court is Judge Schroeder's Report, Recommendation, and Order ("R&R") addressing Regan's motions to suppress, dismiss, and sever. As discussed below, the Court accepts Judge Schroeder's recommendations to deny Regan's motions.

## BACKGROUND[1]

Regan was charged by criminal complaint on December 3, 2020, with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one

---

[1] The Court assumes the parties' familiarity with the facts and procedural history of this case, and will only provide a brief summary.

count of enticement of a minor, in violation of 18 U.S.C. § 2422(b). Dkt. 1. The next day, December 4, 2020, the Federal Bureau of Investigations executed an arrest warrant and search warrants as to Regan's person and a 2020 Jeep motor vehicle. Dkt. 77, at 3. Regan subsequently provided various written and oral statements to law enforcement officials. *See* Dkt. 69, Exh. C.

On August 19, 2021, the grand jury issued a five-count indictment charging Regan with the following: one count of production of child pornography (as to Minor Victim 1), one count of enticement of a minor (as to Minor Victim 2), two counts of production of child pornography (as to Minor Victim 2) and one count of possession of child pornography. Dkt. 18.

On February 3, 2023, Regan filed various pretrial motions. Dkt. 69. Specifically, Regan moved to suppress—"pursuant to Federal Rules of Criminal Procedure 4(c)(3)(A) and the Fifth Amendment"—all "statements and physical evidence subsequently seized" because Regan was "not provided with a copy of any warrant, nor given the details of the arrest that Rule 4 requires." *Id.* at 2-3. Regan further moved to dismiss Count 2 of the Indictment as "unconstitutionally vague"; moved to dismiss Counts 1, 3, and 4 of the Indictment as "legally insufficient"; moved to sever Counts 2 and 5; and moved to suppress identification of Regan's motor vehicle that was "unduly suggestive and unreliable." *Id.* at 11-21. The Government responded in opposition to each of these motions. Dkt. 72.

Oral argument before Judge Schroeder occurred on March 1, 2023. Judge Schroeder provided additional time for Regan to file a proper affidavit in support of

his motion to suppress, as well as a corrected, supplemental motion for severance. Regan filed the affidavit and motion on March 10, 2023. Dkt. 74; Dkt. 75. The Government's opposition was filed on March 17, 2023. Dkt. 76.

On April 5, 2023, Judge Schroeder issued a Report, Recommendation, and Order ("R&R"). Dkt. 77. Judge Schroeder recommended denying Regan's motion to suppress the use of evidence obtained pursuant to the December 3, 2020 search warrant and the use of his statements at trial; denying the motion to dismiss Count 2; denying the motion to dismiss Counts 1, 3, and 4 of the Indictment; denying the motion to sever Counts 1 and 5; and denying the motion to suppress identification of a vehicle. *Id.*

Regan filed numerous objections to the R&R. Dkt. 80. Regan argues that the obtaining of inculpatory statements from him was done in violation of his Fifth Amendment rights and his rights under Rule 4(c)(3)(A), and a suppression hearing is necessary. *Id.* at 4-12. Regan next argues that trying all five counts together would deprive him of a fair trial and thus the R&R erred in denying his motion to sever. *Id.* at 12-14.

The Government filed a lengthy response[2] in opposition to Regan's objections and in support of affirming the R&R. Dkt. 84. As to Regan's first objection, the Government argues that the exclusionary rule does not apply to Rule 4 violations and that the facts do not support that a violation occurred as Regan alleges. *Id.* at

---

[2] Attached to and in support of its response, the Government submitted copies of FBI records, Regan's signed statements, and audio and video recordings of Regan's interview and meeting with agents. *See* Dkt. 84, Exhs. A, B, C, D.

3

6-9. The Government further argues that Regan's statements were voluntarily made in light of Regan's characteristics, the conditions of the interrogation, and the conduct of law enforcement, and Regan failed to raise a material issue of fact that would require a suppression hearing. *Id.* at 9-17. Lastly, the Government maintains that Judge Schroder correctly concluded that all counts in the indictment are properly joined and that Regan had not made a sufficient showing of prejudice for severance. *Id.* at 18-24.

Regan did not file a reply.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully reviewed Judge Schroeder's R&R, Regan's objections, the parties' submissions and exhibits, and the relevant record. Based on a *de novo* review of the relevant portions of the R&R, the Court accepts and adopts Judge Schroeder's recommendations to deny each of Regan's motions, for the reasons set forth in the R&R and the Government's response (Dkt. 84).

## CONCLUSION

For the reasons stated above and in the R&R, the Court DENIES Defendant Regan's motion to suppress evidence and statements pursuant to Rule 4(c)(3)(A) and the Fifth Amendment; DENIES the motion to dismiss Count 2 as unconstitutionally vague; DENIES the motion to dismiss Counts 1, 3, and 4 as legally insufficient; DENIES the motion to sever Counts 1 and 5 of the Indictment; and DENIES the motion to suppress identification related to a photograph of Regan's motor vehicle. Dkt. 69; Dkt. 74.

SO ORDERED.

Dated:   June 29, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE