IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  21-CR-135

MICHAEL REGAN,

Defendant.

## PLEA AGREEMENT

The defendant, **MICHAEL REGAN**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Counts 1 and 3 of the Indictment which both charge violations of Title 18, United States Code, Sections 2251(a) and 2251(e) (Production of Child Pornography) for which the mandatory minimum term of imprisonment is 15 years, and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3. The defendant understands that the Court must impose an assessment of not more than $50,000 for each offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(3), in addition to any other criminal penalty, restitution or special assessment.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 6 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current

in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.   ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

a. First, that the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

b. Second, the defendant knew or had reason to know the visual depictions would be transported using any means or facility of interstate or foreign commerce; the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, or that the visual depictions had actually been transported or transmitted using any means or facility of interstate or foreign commerce by any means, including by computer; and

c. Third, the defendant acted knowingly.

## FACTUAL BASIS

8. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

### COUNT 1

a. On or about August 4, 2020, in the Western District of New York, the defendant did use, persuade, induce, entice, and coerce Minor Victim 1, an infant in his care, custody, or control, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

b. Specifically, the defendant, took a picture of Minor Victim 1 while she was sleeping, laying on a rug, and exposing her genitalia.

c. The image was produced by the defendant on his Apple iPhone, bearing serial number G6TZM7QUN70L, which was manufactured outside the State of New York and had been mailed, shipped, and transported in and affecting interstate or foreign commerce.

d. The defendant admits to producing the picture but does not admit to producing the picture for his own sexual interest.

### COUNT 3

a. On or about August 27, 2020, in the Western District of New York, the defendant did use, persuade, induce, entice, and coerce Minor Victim 2, a thirteen-year-old minor, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

 b. Specifically, the defendant and Minor Victim 2 were communicating over the social media application TextNow. During their communications over the internet, the defendant directed Minor Victim 2 to send him sexually explicit images of herself, which constituted child pornography.

**RELEVANT CONDUCT:**

 a. On August 28, 2020, the defendant met Minor Victim 2 to engage in sexual contact. After the sexual contact, the defendant instructed Minor Victim 2 not to tell anyone or he would come to her house. Minor Victim 2 felt threatened by the defendant's statement.

### III. SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

10. The government and the defendant agree that Guidelines § 2G2.1 applies to each offense of conviction and provides for a base offense level of 32 for each count.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

**COUNT 1**

11. The government and the defendant agree that the following specific offense characteristics do apply:

 a. the **four-level** increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

 b. the **four-level** increase pursuant to Guidelines § 2G2.1(b)(4)(B) [the offense involved an infant or toddler];

c. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(5)(B)(i) [the minor was in the custody and care of the defendant at the time of the offense]; and

d. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

## COUNT 3

a. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of twelve years but who had not attained the age of sixteen years];

b. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act]; and

c. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(6) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

## COUNT 3

12. The government and the defendant agree that the following adjustment to the base offense level does apply:

a. The **two-level** increase of Guidelines § 3C1.1 [obstruction of justice].

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 is 44.

14. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 3 is 40.

6

## COMBINED ADJUSTED OFFENSE LEVEL

15. The government and the defendant agree that pursuant to Guideline §§ 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the offenses of conviction do not group together, and that the defendant's combined adjusted offense level is 46.

## U.S.S.G. CHAPTER 4 ADJUSTMENTS

16. The government and defendant agree that Guidelines § 4B1.5(b)(1) [repeat and dangerous sex offender against minors] applies to the offense of conviction and, as a result, there is a **five-level** increase in the offense level and the adjusted offense level is 51.

## ACCEPTANCE OF RESPONSIBILITY

17. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) [acceptance of responsibility] and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 48.

## CRIMINAL HISTORY CATEGORY

18. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

19. It is the understanding of the government and the defendant that, with a total offense level of 48 and criminal history category of I, and taking into account the applicable statutory minimum penalties and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 720 months imprisonment, a fine of $250,000 as to each offense of conviction, and a period of supervised release of 5 years life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

20. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a term of imprisonment between **300 months and 420 months imprisonment**. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the pleas of guilty. This agreement does not affect the amount of a fine, the amount of restitution or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

21. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any

\* The government agrees that there will be no condition prohibiting defendant from having contact with Minor Victim 1 so long as Minor Victim's mother consents.  JS  CMH  MD  9/27/23

8

agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

22. The defendant understands that except as set forth in ¶ 20, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

23. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

24. In the event the defendant's pleas of guilty is are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.   REMOVAL

25.   The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

26.   The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

27.   At sentencing, the government will move to dismiss the three open counts of the Indictment in this action.

28. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

29. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

30. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and

11

any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

31.  The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

32.  The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed

upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

33. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

34. Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

35. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

36. The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

37. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

38. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance

bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

39. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines § 3E1.1.

## VIII. APPEAL RIGHTS

40. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19, above, a term of imprisonment of 720 months imprisonment, a fine of $250,000 as to each offense of conviction, and a period of supervised release of 5 years life notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

41. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

42. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19, above, term of imprisonment of 720 months imprisonment, a fine of $250,000 as to each offense of conviction, and a period of supervised release of 5 years life notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.   FORFEITURE PROVISIONS

43. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following equipment and other electronic media which were seized by law enforcement officials:

   a. Apple iPhone 11, bearing serial number: G6TZM7QUN70L; and
   b. Apple iPad Pro, bearing serial number DLXX62BRHP34.

44. Since the aforementioned electronics were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the electronics and any related media/components to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in

the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

45. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

46. After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty

plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

47. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

48. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

49. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the electronics survive and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document

to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

50. The defendant agrees that for any reason, in any pleadings before the Court and order issued by the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all other computers, electronics, components and/or cellular phones seized by law enforcement in this case.

## X.  TOTAL AGREEMENT AND AFFIRMATIONS

51. This plea agreement represents the total agreement between the defendant, **MICHAEL REGAN**, and the government. There are no promises made by anyone other

than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

BY: TRINI E. ROSS
United States Attorney
Western District of New York

_____
Caitlin M. Higgins
Assistant United States Attorney

Dated: September 27, 2023

I have read this agreement, which consists of pages 1 through 20. I have had a full opportunity to discuss this agreement with my attorneys, Heather Anderson, Esq., and Jeremy Schwartz, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MICHAEL REGAN
Defendant

Dated: September 27, 2023

_____
HEATHER ANDERSON, ESQ.
JEREMY SCHWARTZ, ESQ.
Attorneys for the Defendant

Dated: September 27, 2023