IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                         21-CR-00135-JLS

MICHAEL REGAN,

                    Defendant.

---

## GOVERNMENT'S SENTENCING MOTION

**THE UNITED STATES OF AMERICA**, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, hereby submits this motion in support of sentencing. Based on the nature and seriousness of the offense, the defendant's personal characteristics, the need for the sentence to reflect the nature and circumstances of the offense, the need for deterrence, as well as to protect the public from further crimes, the government respectfully asks the Court to sentence the defendant to 360 months imprisonment.

### I. The Facts

The defendant is a 40-year-old former corrections officer and father of two girls and one boy. Despite this seemingly normal pedigree, in August 2020, the defendant began a sexual relationship with a 13-year-old girl ("Minor Victim 2"). Specifically, on August 5, 2020, after connecting online, the defendant began texting with the child. Throughout the conversations, the defendant repeatedly directed Minor Victim 2 to send him sexually explicit images and videos of herself and discussed having sexual contact with her. To be clear, these

instructions to the child were neither delicate nor subtle. For example, on August 27, 2020, the defendant engaged in the following exchange with Minor Victim 2:

> "U still want to suck my cock tomorrow," instructing her to wear "loose shorts no panties or bra…so I can touch your pussy". The defendant then wrote "send me a tits and face pic and pussy. So I know your serious about tomorrow."

The defendant was also clear that he knew about the child's tender age:

> "honest answer. Why do you want to suck my cock so bad being 24 year older than you."

Similarly, on August 28, 2020, the defendant engaged in the following exchange with Minor Victim 2:

> "Get naked. Send me a video. Full body naked and say daddy I'm ready to suck your cock. You want to suck on my 13 year old tits [and] play with my virgin pussy." He went on to say "Omg. Baby. Show me that ass. Bend over and spread it."

On August 28, 2020, the defendant met up with Minor Victim 2 and engaged in sexual conduct in his wife's gray 2020 Jeep. Knowing that what he was doing was criminal, the defendant instructed the child to "make sure you delete my texts and stuff too…no need for evidence lol."

In December 2020, the Federal Bureau of Investigations ("FBI") finally put an end to the defendant's reign of exploitation when they obtained and executed an arrest warrant. The FBI arrested REGAN at his home address in Williamsville, within the Western District of New York. On the same day, the FBI executed a search warrant authorizing the search of the defendant and the gray 2020 Jeep registered to his wife.

Following his arrest, the defendant agreed to be interviewed and waived his Miranda

rights. Indeed, the defendant stated that he was a corrections officer and understood what his Miranda rights were and that he was giving the statement of his own free will. During his interview the defendant admitted to conversing with a girl online, although he falsely stated that the girl told him she was 20. The defendant confirmed that the girl sent him sexually explicit photographs, admitted that he met the girl in person when he picked her up in his truck, and admitted to engaging in sexual activity with the child. Although like before, the defendant attempted to minimize his culpability by downplaying the nature of the sexual contact and claiming that the child looked "16."

Pursuant to the search warrant, law enforcement recovered several images of an infant girl constituting child pornography. One image depicted a sleeping infant whose dress was pulled up, legs spread, without a diaper, and the image was focused on the baby's vagina. Law enforcement positively identified the victim as the defendant's infant daughter ("Minor Victim 1").

II. **The Section 3553(a) Factors Support a Sentence of 360 Months Imprisonment**

In reviewing the section 3553(a) factors, as enumerated in Title 18 of the United States Code, the Court must consider the nature and seriousness of the offense, the defendant's personal characteristics, the need for the sentence to reflect the nature and circumstances of the offense, the need for deterrence, as well as to protect the public from further crimes. 18 U.S.C. § 3553(a)(1) and (a)(2).

**A. An Individualized Assessment of this Defendant Supports the Imposition of a Sentence of 360 Months Imprisonment**

The government submits that a sentence in the middle of the sentencing range agreed to by the parties in the Plea Agreement, that is, 360 months' imprisonment, a fine, supervised release of life, and a $200 special penalty assessment, is appropriate. (DOC 102 at ¶'s 19-20).

It is well settled that calculating the advisory sentencing guidelines is the first step in determining the defendant's ultimate sentence, after which the Court must consider the §3553(a) factors. *United States v. Dorvee*, 616 F.3d 174, 180 (2010) quoting *United States v. Gall*, 552 U.S. 38, 49-50 (2007); see also, *United States v. Aumais*, 656 F.3d 147 (2d Cir. Sept. 8, 2011). In *Aumais*, decided in September 2011, the Second Circuit upheld the guidelines sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the §3553(a) factors. *Aumais*, at 157.

Michael REGAN is a pedophile. He is sexually attracted to young children and has repeatedly acted on this deviant urge to groom and sexually target girls as young as 13.

During relevant times in the Indictment, REGAN demanded the child send him sexually explicit photos and continued to direct her to engage in more and more explicit conduct for his sexual gratification. And while he did all this, the defendant repeatedly acknowledged the child's age, even going so far as to admit that the child was 24 years younger than he was. But this generational gap between predator and prey meant nothing to this defendant and only seemed to sweeten the hunt for him.

And he did all this while cloaked with the badge of authority of a Corrections officer. Someone who went to work each day in a uniform and enforced the law inside New York Correctional Facilities.

Considering and applying the §3553(a) factors, individually to this defendant, his conduct demands a 360-month sentence of incarceration as both appropriate and reasonable.

## CONCLUSION

The section 3553(a) factors, as enumerated in Title 18 of the United States Code, list among other things, the nature and seriousness of the offense, the defendant's personal characteristics, the need for the sentence to reflect the nature and circumstances of the offense, the need for deterrence, as well as to protect the public from further crimes by the defendant. All these factors, as individually applied to this defendant, support the imposition of a sentence of 360 months imprisonment, supervised release for life, restitution, and a $200 special penalty assessment. Such a sentence is sufficient, but not greater than necessary to ensure justice in this case.

DATED: Buffalo, New York, January 19, 2026.

MICHAEL DiGIACOMO
United States Attorney

BY: **s/CRAIG R. GESTRING**
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Ave
Buffalo, NY   14202
716-843-5700
Craig.Gestring@usdoj.gov