UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

vs.                                                              **SENTENCING MEMORANDUM**

MICHAEL REGAN,                                        Docket No. 21-CR-135

                Defendant.
_____

### I.  Preliminary Statement

Mr. Regan is before the Court for sentencing after entering a plea of guilty on September 27, 2023 to Counts I and III of the Indictment both of which charged violations of Title 18, United States Code, §2251(a) and §2251(e) (production of child pornography). Sentencing is currently set for February 10, 2026 at 2:00 p.m.

As is set forth in greater detail below, Michael Regan made grievous errors in judgment when he engaged in this conduct; his actions will hold life-long consequences for MV-1, MV-2, himself and many others including his ex-wife and his own children. On September 27, 2023 Mr. Regan took responsibility for his actions and pled guilty to the highest crime alleged in the Indictment. For these reasons, Mr. Regan respectfully requests that the Court impose a sentence within the range anticipated by the parties in the Plea Agreement (between 300 and 420 months imprisonment) and impose a sentence that is sufficient but not greater than necessary based upon the factors set forth below.

A Presentence Investigation Report was initially prepared on May 22, 2025 and it acknowledges that the Plea Agreement is pursuant to Rule 11(c)(1)(C) for an agreed upon sentence of between 300 and 420 months imprisonment.

At the time of sentencing, Mr. Regan will have spent well over 5 years in custody.

## II. Sentencing Procedure and 18 U.S.C. §3553(a) Factors

In a series of cases, the Supreme Court held that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment and that moving forward, the Guidelines were to be treated as "advisory". See <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004); *see also* <u>United States v. Booker</u>, 543 U.S. 220 (2005). While a sentencing court is required to correctly calculate the Guidelines range in each case, it must not treat that range as mandatory. <u>Gall v. Unites States</u>, 552 U.S. 38, 49-51 (2007); <u>Nelson v. United States</u>, 555 U.S. 350, 352 (2009). Rather, the Guideline range is merely "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. §3553(a). See <u>Kimbrough v. United States</u>, 552 U.S. 85, 90 (2007).

In rendering a sentence, a court must "consider all of the §3553(a) factors," "make an individualized assessment based on the facts presents," and explain how the facts relate to the purposes of sentencing. See <u>Gall</u>, 662 U.S. at 49-50, 53-60. A court's overarching duty is to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." See <u>Kimbrough</u>, 552 U.S. at 101; *see also* <u>Pepper v. United States</u>, 562 U.S. 476, 491 (2011). These goals are retribution, deterrence, incapacitation, and rehabilitation. See 18 U.S.C. §3553(a)(2).

A critical Supreme Court directive designed to ensure that the guidelines are advisory is the authority of this Court to disagree with a particular guideline as a matter of policy. Since "the Guidelines are now advisory…, as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." See <u>Kimbrough</u>, 552 U.S. at 101-02 (internal punctuation omitted) (citing <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007) (District

Courts may find that the "Guidelines sentence itself fails properly to reflect §3553(a) consideration"); *see also* Spears v. United States, 555 U.S. 261, 266-67 (2009).

After determining the advisory Guidelines range as a "starting point" and "initial benchmark," the sentencing court must then consider any applicable Guidelines departure. *See* Gall, 128 S. Ct. at 596. The Supreme Court in Gall rejected the "rigid use of a mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." 552 U.S. at 47. A "departure" is a downward adjustment to the final sentencing range specifically sanctioned by the Guidelines themselves. It is frequently triggered by a prosecutor's request to reward cooperation or by other factors that take the case "outside the heartland" of cases or defendants contemplated by the Sentencing Commission. Although the Sentencing Guidelines are now advisory, the Court in its initial guideline calculation is still required to look at permissible downward departures when calculating a sentence. *See, e.g.* U.S. v. Galante, 111 F.3d 1029, 1036 (2d Cir. 1997); United States v. Ekhator, 17 F.3d 53 (2d Cir. 1994); United States v. Johnson, 964 F.2d 124 (2d Cir. 1992).

Lastly, the Court must consider all of the 18 U.S.C. §3553(a) factors to determine whether a variance – a sentence outside the advisory guideline system – is warranted. A "variance" occurs when a Judge imposes a sentence above or below the otherwise properly calculated sentencing range based upon the application of the other statutory factors in 18 U.S.C. §3553(a). While District Courts must continue to base departures on guideline factors, "many of the very factors that used to be grounds for a departure under

the Guidelines are now considered by the District Court – with greater latitude – under section 18 U.S.C. §3553(a)."

### *18 U.S.C. §3553(a) Factors*

As noted above, after the court calculates the advisory Guidelines, the Court must ultimately impose a sentence that is consistent with 18 U.S.C. §3553(a). This section of the United States Code mandates the Court to impose a sentence that is "sufficient, but not greater than necessary" to meet the purposes of sentencing, a directive commonly referred to as the "parsimony clause." *United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007). The parsimony clause requires a sentencing court to impose the lower of two sentences when either of the two potential sentences would properly serve the statutory purposes of retribution, deterrence, incapacitation, or rehabilitation. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

In *Ministro-Tapia*, the Circuit assessed comments made by the district court which seemed to express equivocal iterations during sentencing as to whether a guideline sentence or one below the guideline satisfied the principles of sentencing. The Circuit, at 142, stated "Plainly, if a district court were explicitly to conclude that the two sentences equally served the statutory purpose of 3553, it could not, consistent with the parsimony clause, impose the higher." Here, Mr. Regan pled pursuant to an 11(c)(1)(C) plea with the government allowing for a range of between 300 and 420 months (Plea, para. 20) – everything the Bureau of Prisons can do to and for Mr. Regan will be accomplished in 25 years – there is nothing it can do in an additional 10 years that will further the statutory purposes.

The §3553(a) factors to be considered when imposing a sentence are as follows:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed –

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

    (D) To provide the defendant with the needed…training or…treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for

    (A) The applicable category of offenses committed by the applicable category of defendant as set forth in the Guidelines…;

(5) Any pertinent policy statement…[issued by the Sentencing Commission];

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victim of the offense.

Under §3553(a), the sentencing Judge is permitted to find any relevant facts appropriate for determining a sentence, whether or not that sentence is within or outside the advisory Guidelines range.

### III.   History and Characteristics of Mr. Regan

Michael Regan is a 43-year-old zero-point offender. He is the father of two children: Harper and McKenna who are currently 9 and 7. Mr. Regan's ex-wife, Alquita – though she blames him for ruining her life, still acknowledges that Mr. Regan was a great father and husband prior to the instant offense (PSIR paragraph 111).

Mr. Regan was employed as an Officer with the New York State Department of Corrections for approximately 13 years and sustained multiple injuries during the course of his service. By the time he is released, he will be elderly no matter what sentence the Court imposes.

## IV.   Instant Offense and Acceptance of Responsibility

Mr. Regan pled guilty to the highest counts in the Indictment in this case and has received the benefit of acceptance of responsibility. He concedes to his involvement in this offense and understands the consequences he faces.

Mr. Regan disrupted many lives with his actions and understands the severity to which his conduct has harmed others. While always remembering his past and the impact of the instant offense, Mr. Regan wishes to move forward, serve the sentence this Court deems to be just and proper, and spend the remainder of his life doing better for those around him.

Mr. Regan has been incarcerated since December 2020. Accordingly, a sentence at the low end of the §11(c)(1)(c) range of 25 years is a sentencing that certainly promotes respect for the law, provides just punishment for the offense, and is within the range of punishment accorded a serious felony. As set forth above, this sentence realizes the goals of punishment, incapacitation, and protection of society. It is also sufficient in length to provide for specific and general deterrence. Finally, the sentence provides an

opportunity for Mr. Regan to rehabilitate from this conviction and return to being a law-abiding citizen.

Adjudging the penalty recommended by and agreed to by the parties, Probation seems to recognize the specific circumstances of this case as well as the unique history and characteristics of Mr. Regan. That is why such a term of 25 years is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. §3553(a)(2). If the Court imposes the requested sentence, Mr. Regan will be released from prison when he is approximately 63 years old. This Court will also impose a period of supervision that will ensure that Mr. Regan is monitored for an additional period of time.

### V. Specific Requests

Mr. Regan requests this court direct that upon sentencing, he be removed from the district and transported immediately to the processing center at Northeast Ohio. He further asks of this court to recommend to the Bureau of Prisons that he be sent to a facility as close as possible to family in western New York, and, to be placed in a facility where his safety is ensured.

### VII.   Conclusion

Michael Regan admits that his actions were wrong and have caused many people an enormous amount of pain. He does not deny that his actions and choices in 2020 are things of which he is not proud. However, at 43-years-old, he wishes to spend his time incarcerated working to turn his life around. He seeks to once again be a productive member of society and use his work ethic to help others in the community. Based on the foregoing, Mr. Regan respectfully request that the Court impose a sentence at the 25-year

range, recognizing that the same is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Based on the instant offense, by release, Michael Regan will have spent decades of his life in prison. He has made considerable missteps and must pay his debt to society. Even once released, Mr. Regan will be subject to a lengthy period of supervision, to ensure that he is properly supervised and monitored, and at the same time provided with the help and structure he needs to return to society and avoid reoffending. Based on the foregoing reasons, Michael Regan respectfully requests a sentence of 25 years as set forth above to be followed by a period of supervised release as a sentence that is sufficient, but not greater than necessary, to punish him for this crime and to deter him from further criminal conduct.

Dated: January 28, 2026
      Buffalo, New York

Respectfully submitted,

_____
David B. Cotter
*Attorney for Michael Regan*
380 Cleveland Drive
Buffalo, New York 14215
(716) 634-7920; (716) 634-5362 (fax)
dbacotter@aol.com

**TO:** Craig Gestring, Esq.
      Assistance United States Attorney